**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAROL KANE and BONNIE WILSON, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF ROCHESTER,<br><br>Defendant. | Case No. 6:23-cv-06027<br><br>The Honorable Frank P. Geraci |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO**
**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

Plaintiffs respectfully submit the following supplemental authority in further support of their opposition to Defendant's Motion to Dismiss (ECF No. 14) filed on June 3, 2023 ("Opp. Mtn."), which is currently pending before the Court.

1. On July 5, 2023, in *Cyr v. Orlando Health*, Judge William F. Jung of the United States District Court for the Middle District of Florida (Tampa Division) denied defendant's motion to dismiss in its entirety following a motion hearing held on June 29, 2023. (*See* Case No. 8:23-cv-588-WFJ-CPT, ECF No. 37 (M.D. Fl. July 5, 2023) (endorsed Order attached hereto as Exhibit A).) *Cyr* is a putative class action lawsuit involving very similar allegations to those alleged here—namely, that the defendant used the Meta Pixel to collect and to disclose users' confidential and protected health information to Facebook without consent. While *Cyr* did not result in a written opinion, the endorsed order and decision is relevant because Judge Jung rejected the defendant's arguments that the plaintiffs failed to state a claim for breach of implied contract, breach of confidence, and unjust enrichment in a similar pixel disclosure

class action lawsuit. (*See* ECF No. 14, Opp. Mtn. pp. 7-14, 19-21 (plaintiffs addressing similar arguments raised by Defendant in the instant action).) The defendant in *Cyr* also argued that the plaintiffs' claims arising under the federal Electronic Communications Privacy Act should be dismissed, which were likewise rejected by the court. *See id.* at 23-25 (Plaintiffs addressing similar arguments raised by Defendant in this action).

2. Additionally, in *Doe v. Boone Health, Inc.*, Judge S. Cotton Walker entered an order denying the defendants' motion to dismiss the plaintiffs' claims for breach of confidence, breach of implied contract and unjust enrichment in another pixel-related class action lawsuit involving the collection and disclosure of protected health information by a healthcare entity. (*See* Case No. 22AC- CC07646 (Mo. Cir. Ct. July 20, 2023) Order Denying Defendants' Motion to Dismiss (attached hereto as Exhibit B).)

3. Finally, on the same day *Doe* was entered, the Office for Civil Rights (OCR) at the U.S. Department of Health and Human Services (HHS) and the Federal Trade Commission (FTC) published a Joint Notice Letter (attached hereto as Exhibit C) regarding the "Use of Online Tracking Technologies," which explains:

> Even if you are not covered by HIPAA, you still have an obligation to protect against impermissible disclosures of personal health information under the FTC Act and the FTC Health Breach Notification Rule. This is true even if you relied upon a third party to develop your website or mobile app and even if you do not use the information obtained through use of a tracking technology for any marketing purposes. As recent FTC enforcement actions demonstrate, it is essential to monitor data flows of health information to third parties via technologies you have integrated into your website or app.

For these reasons, Plaintiffs respectfully submit this Notice of Supplemental Authority, and maintain that Defendant's Motion to Dismiss should be denied in its entirety.

Date: August 4, 2023 Respectfully submitted,

**WEITZ & LUXENBERG, PC**

/s/ James J. Bilsborrow

James J. Bilsborrow
700 Broadway
New York, NY 10003
(212) 558-5500

**ALMEIDA LAW GROUP LLC**

/s/ David S. Almeida

David S. Almeida
849 W. Webster Avenue
Chicago, Illinois 60614
(312) 576-3024
david@almeidalawgroup.com

*Counsel for Plaintiffs & the Classes*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 4, 2023, a true and correct copy of the foregoing Notice of Supplemental Authority was served on all counsel of record via the Court's CM/ECF electronic filing system.

/s/ James Bilsborrow