**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAROL KANE and BONNIE WILSON, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF ROCHESTER,<br><br>Defendant. | Case No. 6:23-cv-06027<br><br>The Honorable Frank P. Geraci |

**RESPONSE TO NOTICE OF ADDITIONAL AUTHORITY & SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' <u>OPPOSITION TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS</u>**

Plaintiffs respectfully submit this response to Defendant University of Rochester's Notice of additional authority (ECF No. 21). Additionally, Plaintiffs provide this Court notice of supplemental authority in further support of their opposition to Defendant's Motion to Dismiss (the "Opposition"), which is currently pending before the Court. (*See* ECF No. 14, filed on June 3, 2023.)

1. On December 15, 2023, Defendant submitted a copy of *Kurowski v. Rush System for Health*, 2023 WL 8544084 (N.D. Ill. Dec. 11, 2023), granting in part and denying in part plaintiff Kurowski's (a term used to reference the two plaintiffs collectively) Motion to File a Second Amended Complaint ("*Rush III* Order") (ECF No. 67).

2. By way of background, Defendant had previously cited *Rush II* as supplemental authority and argued that that decision warranted dismissal of Plaintiffs' case here. (*See* ECF 17.) But now that Judge Kennelly, in *Rush III* has found plaintiff's federal Wiretap Act claim to be viable, Defendant now attempts to argue to this Court that the very case that was previously relevant is no longer.

3. *Rush III* is relevant to Plaintiffs' Opposition because the court in *Rush III* granted plaintiff leave to amend the complaint to include a claim under the federal Wiretap Act, 18 U.S.C. § 2511, *et seq.* (the "ECPA"), based on the hospital's alleged use of tracking tools on its web properties. While the *Rush* court had previously dismissed the ECPA claim, the court in its most recent opinion, held that plaintiff's second amended complaint alleged sufficient facts "to invoke the HIPAA exception-to-the-party-exception" under the Wiretap Act. *See* 2023 WL 8544084 at *2. Specifically, the Court concluded that plaintiff pleaded sufficient facts "to state a claim for relief" based on allegations that (i) Rush used tracking tools to "transmit[] the name and location of [plaintiff's] personal physician, as well her physician's specialty"; (ii) "this information was, in turn, used by at least Facebook to target her with particular advertising associated with her particular health conditions" and (iii) "Rush knowingly transmit[ted] this data and that it [did] so for the purpose of financial gain." *Id*. at *3. The court found that "all of these allegations, taken together, are sufficient to invoke the HIPAA exception-to-the-party-exception" under section 2511(2)(d) of the ECPA, and plaintiff Kurowski's proposed second amended complaint plausibly stated a claim under the ECPA. *Id*.[1]

4. Plaintiffs' ECPA claim is challenged in the motion to dismiss in this case on similar grounds. Notably and contrary to Defendant's position, ECF No. 21 at 1, Plaintiffs' Amended Complaint includes specific information that Defendant transmitted to Facebook. For example, Plaintiffs allege that "Defendant transmitted to Facebook Plaintiff Kane's Facebook ID, computer IP address, location, and information such as treatment sought, appointment type, physician selected, and button/menu selections." ECF No. 8 ¶ 166; *see also* ¶ 179 (describing the disclosures with respect to Plaintiff Wilson).

[1] The defendant in *Rush* previously challenged plaintiff's ECPA claim in its prior motions to dismiss. *See Kurowski v. Rush Sys. for Health*, 659 F. Supp. 3d 931 (N.D. Ill. 2023); *see also Kurowski v. Rush Sys. for Health*, No. 22 C 5380, 2023 WL 4707184, at *2 (N.D. Ill. July 24, 2023).

5. Defendant also contends that *Rush III* does not answer the following question: "How could Rush, or any other third-party defendant like Rochester here, have a criminal purpose in mind to harm the named plaintiffs by allegedly, and criminally, violating HIPAA when the federal government did not issue guidance on this tracking technologies issue until December 1, 2022, and the prior federal case law rejected the claim?" ECF No. 21 at 1.

6. But Defendant's hypothetical question is certainly inappropriate in the context of a notice of supplemental authority and, more substantively, evidence of its self-serving and facially incorrect interpretation of HIPAA rather than a flaw by Judge Kennelly in *Rush III*'s analysis (again, Defendant had no issue with Judge Kennelly's analysis in *Rush I* or *II* when "things were going its way," but now suddenly it is flawed analysis).

7. The federal guidance that Defendant points to is ***not*** new; rather, the Department of Health and Human Services' (HHS) Office for Civil Rights (OCR) December 2022 bulletin (the "Bulletin") merely reiterated long-standing law as it explained: "[w]hile it has ***always been true*** that regulated entities may not impermissibly disclose PHI to tracking technology vendors, because of the proliferation of tracking technologies collecting sensitive information, ***now more than ever***, it is critical for regulated entities to ensure that they disclose PHI only as expressly permitted or required by the HIPAA Privacy Rule."

8. Because HHS is clear that it has "always been true" that covered entities "may not impermissibly disclose PHI to tracking technology vendors," then companies' obligation not to do so existed long before the HHS Bulletin. Indeed, this is the rationale the court followed in *In re Meta Pixel Healthcare Litigation*, where the court relied on HHS's Bulletin's reiteration of HIPAA's historical prohibitions on disclosing confidential health-related data to hold that plaintiffs submitted evidence that hospitals transmitted individuals' patient status to Meta in violation of HIPAA. *See* 2022 WL 17869218, at *8–9 (N.D. Cal. Dec. 22, 2022).

9. In addition, Plaintiffs take this opportunity to draw the Court's attention to two additional decisions that bear on Plaintiffs' Opposition. Both cases are similar in that they challenge the defendant healthcare providers' utilization of a third-party's online tracking tool, Meta Pixel, to collect patients' sensitive health information.

10. On December 21, 2023, in *In re Group Health Plan Litigation*, Judge Blackwell of the District of Minnesota granted in part and denied in part defendant HealthPartners' Motion to Dismiss. *See* No. 23-CV-267, 2023 WL 8850243 (D. Minn. Dec. 21, 2023).

11. *In re Group Health Plan Litigation* is relevant to Plaintiffs' Opposition because the court denied defendant's motion to dismiss the following causes of action: breach of implied contract, unjust enrichment and violation of ECPA, which are all at issue here. *Id*. at **3-4 & 5-7. Regarding the breach of implied contract cause of action, the court held that "[a]rguments about whether Plaintiffs and HealthPartners had a meeting of the minds or debates over the value of Plaintiffs' loss are fact disputes better left for summary judgment or trial." *Id*. at *3. The court held that all three elements of unjust enrichment were met because plaintiffs alleged (1) they "conferred a benefit upon Defendant in the form of Private Information that Defendant collected from Plaintiffs and Class Members, without authorization and proper compensation"; (2) defendant "consciously collected and used this information for its own gain," and "unjustly retained those benefits . . . without providing any commensurate compensation to Plaintiffs and Class Members" and (3) plaintiffs allege it would be "inequitable" to permit HealthPartners to retain "any of the profit or other benefits wrongly derived from the unfair and unconscionable methods, acts, and trade practices alleged in this Complaint." *Id*. at **3-4. With respect to the ECPA, the court found that plaintiffs had pled that content was transferred and transmitted. *Id*. at **5-6. The court further recognized that while HealthPartners' motivations and actual purpose for installing and using the Pixel Code requires the benefit of discovery, plaintiffs had met the pleading requirements to plausibly allege the crime-tort exception applies. *Id*. at *7.

12. Additionally, on November 17, 2023, in *Cousin v. Sharp Healthcare* ("*Cousin II*"), Judge Anello of the Southern District of California granted in part and denied in part defendant Sharp Healthcare's Motion to Dismiss. *See* 2023 WL 8007350 (S.D. Cal. Nov. 17, 2023).

13. *Cousin II* is relevant because the court began by observing that HHS issued a privacy bulletin on December 1, 2022, providing that HIPAA "applies to the use of tracking technologies such as Meta Pixel embedded on an unauthenticated webpage that, for example, 'addresses specific symptoms or health conditions, such as pregnancy or miscarriage, or that permits individuals to search for doctors or schedule appointments without entering credentials may have access to PHI in certain circumstances.'" *Id*. at *2 (quoting HHS guidance). Accordingly, the court concluded that the plaintiffs had sufficiently alleged that the defendant hospital system had violated HIPAA by sharing information with Facebook and Google that "plausibly convey information about a present medical condition and the provision of medical care covered by HIPAA." *Id*. Based on that finding, *Cousin II* concluded that the defendant's acts of bartering its patients' health information to Facebook constituted multiple torts and statutory violations, including invasion of privacy, wiretapping, and breach of the California Confidentiality of Medical Information Act.

14. These opinions are just three of a substantial number of recent opinions denying defendant's motions to dismiss on the same or similar grounds in cases involving healthcare providers who surreptitiously shared their patients' health information with technology companies via pixel tracking technologies.[2]

[2] *See, e.g., Weddle, et al. v. WakeMed Health & Hosps.*, No. 22 CVS 13860, at *1 (N.C. Super. Ct. Dec. 4, 2023) (denying motion to dismiss contract and fiduciary-based claims); *Warren v. Pomona Valley Hospital Medical Center*, No. 23STCV05324 (Cal. Super. Ct. Nov. 14, 2023) (overruling defendant's demurrer as to plaintiff's state wiretapping claim); *Braun v. Philadelphia Inquirer, LLC*, 2023 WL 7544160, at *5 (E.D. Pa. Nov. 13, 2023) (denying motion to dismiss Plaintiffs' Pennsylvania wiretapping claim where defendant installed surreptitious tracking technology that shared the "contents" of customers' communications with third parties); *Doe v. Boston Medical Center Corp.*, 2023 WL 7105628, at *2 (Mass.Super. Sep. 14, 2023) (denying motion to dismiss where plaintiff alleged that hospital surreptitiously shared his health information with Facebook and Google,

For these reasons, Plaintiffs respectfully submit this Response to Notice of Additional Authority & Notice of Supplemental Authority and maintain that Defendant's Motion to Dismiss should be denied in its entirety.

Date: December 22, 2023

Respectfully submitted,

**WEITZ & LUXENBERG, PC**

*/s/ James J. Bilsborrow*

James J. Bilsborrow
700 Broadway
New York, NY 10003
(212) 558-5500

**ALMEIDA LAW GROUP LLC**

*/s/ David S. Almeida*

David S. Almeida
849 W. Webster Avenue
Chicago, Illinois 60614
(312) 576-3024
david@almeidalawgroup.com

*Counsel for Plaintiffs & the Classes*

---

including the "text of his searches," his status as a patient, his IP address, "and other unique identifiers, such as his Facebook ID"); *Doe v. Meta Platforms, Inc.*, 2023 WL 5837443, at *4 (N.D. Cal. Sept. 7, 2023) (denying motion to dismiss in part where plaintiffs alleged that hospital systems surreptitiously shared patient health information with Facebook); *Yockey v. Salesforce, Inc*., 2023 WL 5519323, at *7 (N.D. Cal. Aug. 25, 2023) (finding plaintiff sufficiently pled violations of Pennsylvania wiretapping statute where defendant installed surreptitious tracking technology that shared customers' communications with their pharmacists); *Stake v. Knox Community Hosp.*, 2023 WL 5719594, at *4 (Ohio Com.Pl. Aug. 24, 2023) (finding plaintiff sufficiently pled wiretapping and breach of confidence claims against hospital who surreptitiously shared patient data with Facebook and Google).

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 22, 2023, a true and correct copy of the foregoing Notice of Supplemental Authority was served on all counsel of record via the Court's CM/ECF electronic filing system.

*/s/ James Bilsborrow*