**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

CAROL KANE and BONNIE WILSON, *on behalf of themselves and all others similarly situated,*

*Plaintiffs,*

v.

UNIVERSITY OF ROCHESTER,

*Defendant.*

**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Case No. 23-cv-06027-FPG

The Honorable Frank P. Geraci, Judge

On December 22, 2023, plaintiffs made a supplemental filing in opposition to defendant University of Rochester's motion to dismiss. (Dkt. # 22, at pgs. 1-5.) Rochester respectfully submits this brief response to plaintiffs' filing:

1. Rochester did not argue that the latest *Rush* decision is not relevant to the issues before the Court. (Dkt. # 22, at pg. 1.) To the contrary, Rochester previously cited the decision to the Court. (Dkt. # 21, *Not. of Add'l Authority*.) Rochester believes this latest *Rush* decision is wrong, and should not apply here in any event, but does not dispute that it is generally relevant to the issues before the Court.

2. Rochester believes the *Rush* decision is wrong, most basically, for this reason: there is no transferred intent under the statute; simply because it may turn out in hindsight that someone's conduct amounted to a crime or a tort does not plausibly state a claim that, "at the moment he hits 'record,'" *Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010), there can also be a criminal Wiretap Act violation. *See also, e.g.*, *In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497, 515-19 (S.D.N.Y. 2001) (analyzing argument and collecting cases holding same; "Courts applying § 2511(2)(d) have consistently ruled that a plaintiff cannot establish that a defendant acted with a 'criminal or tortious' purpose simply by proving that the defendant committed any tort or crime.").

3. Plaintiffs' filing analyzes two additional authorities: (a) *In re Group Health Plan Litig.*, 2023 WL 8850243 (D. Minn. Dec. 21, 2023), and (b) *Cousin v. Sharp Healthcare*, 2023 WL 8007350 (S.D. Cal. Nov. 17, 2023).

   (a) *In re Group Health Plan* involved claims under Minnesota state law except in one respect: the claim under the federal Wiretap Act. *See* 2023 WL 8850243, at *6-9. On this claim, the court first addressed arguments Rochester has not made: whether an interception occurred at all, and whether this interception would have included the contents of any communication. *Id.* at *7-8. On the tortious or criminal conduct exception, the court made two holdings that are contrary to *Caro*: (1) that alleging a claim for invasion of privacy by intrusion upon seclusion could be enough for the exception to apply, *id.* at *2-3, 8; *cf. Caro*, 618 F.3d at 101; (2) that application of the exception generally should not be decided on a motion to dismiss, *cf. In re Group Health Plan*, 2023 WL 8850243, at *8, *with Caro*, 618 F.3d at 100 ("to survive a motion to dismiss, a plaintiff must plead sufficient facts to support an inference that the offender intercepted the communication for the purpose of a tortious or criminal act that is *independent* of the intentional act of recording").

   (b) For its part, *Sharp Healthcare* solely involved claims under California law: a common law claim for intrusion upon seclusion, which New York law does not recognize, *see* 2023 WL 8007350, at *3; a California Constitution invasion of privacy claim, *id.* at *3-4; a California statutory claim under the California Confidential Medical Information Act, *id.* at *4; and, finally, a claim for alleged violation of the California Invasion of Privacy Act, where California law, unlike federal law, sets forth a two-party consent rule, *id.* at *5 (interception prohibited

"without the consent of all parties to the communication") (quoting Cal. Pen. Code § 631(a)). The parties did not raise, and thus the court did not address, the tortious or criminal conduct exception under 18 U.S.C. § 2511(2)(d). *Cf. id.* at *5 (likewise analyzing statutory "contents" requirement).

4. Finally, plaintiffs cite numerous cases which they claim reflect a "substantial number recent opinions denying defendants' motion to dismiss" in similar cases. (Dkt. # 22, at 5 & n. 2.) None of these cases involved New York law, however, and the cases allowing wiretap claims to survive motions to dismiss each involved two-party consent states or involved different parties and pleading rules. *Weddle v. WakeMed Health & Hospitals Corp.*, 2023 WL 8369786, at *2-8, ¶¶ 11-46 (N.C. Super. Ct., Wake Cty., Dec. 4, 2023) (North Carolina law; granting in part and denying in part motion to dismiss); *Warren v. Pomona Valley Hospital Med. Ctr.*, 2023 WL 8439334, at *2-4 (Cal. Super. Ct., Los Angeles Cty., Nov. 14, 2023) (California two-party consent); *Braun v. Philadelphia Inquirer, LLC*, 2023 WL 7544160, at *4-5 (E.D. Pa. Nov. 13, 2023) (Pennsylvania two-party consent); *Doe v. Boston Med. Ctr. Corp.*, 2023 WL 7105628, at *3-4 (Ma. Super. Ct., Suffolk Cty., Sept. 14, 2023) (Massachusetts two-party consent); *Doe v. Meta Platforms, Inc.*, 2023 WL 5837443, at *4-6 (N.D. Cal. Sept. 7, 2023) (claim against Facebook directly); *Yockey v. Salesforce, Inc.*, 2023 WL 5519323, at *1 (N.D. Cal. Aug. 25, 2023) (California and Pennsylvania two-party consent and against Salesforce directly); *Stake v. Knox Community Hosp.*, 2023 WL 5719594, at *1, 4 (Knox Cty. Ct. of Common Pleas, Ohio, Aug. 24, 2023) (Ohio pleading rules; "as long as there is a set of facts, consistent with the plaintiffs' complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss").

For these reasons, Rochester respectfully submits the authority cited by plaintiffs in their filing does not change what should be the appropriate result in this case: a dismissal of plaintiffs' complaint in its entirety under Rule 12(b)(6).

Dated: December 27, 2023

Respectfully submitted,

/s/ *David Carney*

David Carney (OH 0079824)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
Email: dcarney@bakerlaw.com

Robyn M. Feldstein
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
14th Floor
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email: rfeldstein@bakerlaw.com

*Attorneys for Defendant University of Rochester*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2023, the foregoing was filed with the Clerk of Court using CM/ECF, which will send notification to the registered attorneys of record that the document has been filed and is available for viewing and downloading.

/s/ *David Carney*
*One of the attorneys for defendant University of Rochester*