**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAROL KANE and BONNIE WILSON, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF ROCHESTER,<br><br>Defendant. | Case No. 6:23-cv-06027<br><br>The Honorable Frank P. Geraci<br><br>**DEFENDANT UNIVERSITY OF ROCHESTER'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

For its answer to plaintiffs Carol Kane and Bonnie Wilson's First Amended Complaint (Amended Complaint), defendant University of Rochester (Rochester) states as follows:

**<u>INTRODUCTION</u>**

1. Rochester admits that plaintiffs cite two articles—*Telehealth Sites Put Addiction Patient Data at Risk* and *Facebook is Receiving Sensitive Medical Information from Hospital Websites*—which they claim support the allegations contained in paragraph 1. Rochester states that the contents of those articles speak for themselves, denies plaintiffs' characterization of the articles, and denies the remaining allegations of paragraph 1 of the Amended Complaint.

2. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2, and therefore denies the same.

3. Rochester denies the allegations contained in paragraph 3 of the Amended Complaint.

4. For its response to paragraph 4, Rochester admits that the University of Rochester Medical Center (URMC), an unincorporated division of Rochester, maintains a public website, https://www.urmc.rochester.edu/, and a patient portal, accessed from

https://mychart.urmc.rochester.edu/mychart/. Rochester denies the remaining allegations contained in paragraph 4 of the Amended Complaint.

5. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5, and therefore denies the same.

6. Rochester denies the allegations contained in paragraph 6 of the Amended Complaint.

7. Rochester admits that plaintiffs' footnote quotes portions of the webpage https://www.cloudfare.com/learning/privacy/what-are-cookies/, states that the contents of that webpage speak for themselves, and denies plaintiffs' characterization of that webpage. Rochester further denies the remaining allegations contained in paragraph 7 of the Amended Complaint.

8. Rochester admits that plaintiffs quote a portion of the webpage https://www.facebook.com/business/goals/retargeting, states that the contents of that webpage speak for themselves, and denies plaintiffs' characterization of that webpage. Rochester further denies the remaining allegations contained in paragraph 8 of the Amended Complaint.

9. Rochester denies the allegations contained in paragraph 9 of the Amended Complaint.

10. Rochester denies the allegations contained in paragraph 10 of the Amended Complaint.

11. Rochester admits that plaintiffs' footnote quotes a portion of the webpage https://www.fetchfunnel.com/how-to-implement-conversions-api-in-shopify/, states that the contents of that webpage speak for themselves, and denies plaintiffs' characterization of the webpage. Rochester denies the remaining allegations within paragraph 11 of the Amended Complaint.

12. Rochester admits that plaintiffs cite one webpage, https://revealbot.com/blog/facebook-conversions-api/, and quote a portion of another, https://developers.facebook.com/docs/marketing-api/conversions-api/, which they claim support the allegations contained in paragraph 12. Rochester states that the contents of both webpages speak for themselves, denies plaintiffs'

characterization of these webpages, and denies the remaining allegations contained in paragraph 12 of the Amended Complaint.

13. Rochester admits that plaintiffs quote a portion of the webpage https://www.facebook.com/business/help/2041148702652965?id=818859032317965, states that the contents of that webpage speak for themselves, and denies plaintiffs' characterization of the webpage. Rochester denies the remaining allegations within paragraph 13 of the Amended Complaint.
14. Rochester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations within paragraph 14 of the Amended Complaint, and thus denies the same.
15. Rochester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations within paragraph 15 of the Amended Complaint, and thus denies the same.
16. For its response to paragraph 16, Rochester admits that plaintiffs cite a Department of Health & Human Services webpage that has been updated in the time following plaintiffs' filing of the Amended Complaint. Rochester states the contents of the webpage speak for themselves, and denies the remaining allegations contained in paragraph 16 of the Amended Complaint.
17. Rochester denies the allegations contained in paragraph 17 of the Amended Complaint.
18. Rochester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations within paragraph 18 of the Amended Complaint, and thus denies the same.
19. Rochester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations within paragraph 19 of the Amended Complaint, and thus denies the same.
20. Rochester denies the allegations contained in paragraph 20 of the Amended Complaint.
21. Rochester denies the allegations contained in paragraph 21 of the Amended Complaint.
22. Rochester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations within paragraph 22 of the Amended Complaint, and thus denies the same.

23. Rochester denies the allegations contained in paragraph 23 of the Amended Complaint.

24. Rochester denies the allegations contained in paragraph 24 of the Amended Complaint.

25. For its response to paragraph 25, Rochester admits that plaintiffs quote a portion of an HHS webpage that has been updated in the time following plaintiffs' filing of their Amended Complaint. Rochester further states that the contents of this webpage speak for themselves, and denies the remaining allegations contained in paragraph 25 of the Amended Complaint.

26. Rochester denies the allegations contained in paragraph 26 of the Amended Complaint.

27. Rochester denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Rochester denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Rochester denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Rochester denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Rochester admits that plaintiffs' Amended Complaint purports to assert the claims listed in paragraph 31, and denies the remaining allegations contained therein.

## PARTIES

32. Rochester admits that it is a New York not-for-profit educational corporation with a principal place of business in Rochester, New York.

33. Rochester admits that URMC, an unincorporated division of Rochester, and its affiliated entities operate medical facilities in the state of New York.

34. Rochester admits that it is a hybrid covered entity under the Health Insurance Portability and Accountability Act of 1996.

35. Rochester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations within paragraph 35 of the Amended Complaint, and thus denies the same.

36. Rochester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations within paragraph 36 of the Amended Complaint, and thus denies the same.

37. Rochester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations within paragraph 37 of the Amended Complaint, and thus denies the same.

38. Rochester denies the allegations contained in paragraph 38 of the Amended Complaint.

## JURISDICTION & VENUE

39. Rochester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations within paragraph 39 of the Amended Complaint, and thus denies the same.

40. Rochester admits the allegations contained in paragraph 40 of the Amended Complaint.

41. Rochester admits the allegations contained in paragraph 41 of the Amended Complaint.

## FACTUAL ALLEGATIONS

42. Rochester admits that URMC, an unincorporated division of Rochester, consists of, but is not limited to, the divisions, affiliated entities, and facilities identified in paragraph 42.

43. Rochester admits that URMC, an unincorporated division of Rochester, and its divisions, affiliated entities, and facilities offer the services identified in paragraph 43.

44. Rochester admits that the public website, https://www.urmc.rochester.edu/, and patient portal, accessible from https://mychart.urmc.rochester.edu/mychart/, of URMC, an unincorporated division of Rochester, are accessible through computing devices including, but not limited to, mobile devices and desktop computers.

45. Rochester denies the allegations contained in paragraph 45 of the Amended Complaint.

46. Rochester denies the allegations contained in paragraph 46 of the Amended Complaint.

47. Rochester denies the allegations contained in paragraph 47 of the Amended Complaint.

48. Rochester denies the allegations contained in paragraph 48 of the Amended Complaint.

49. Rochester denies the allegations contained in paragraph 49 of the Amended Complaint.

50. Rochester denies the allegations contained in paragraph 50 of the Amended Complaint.

51. Rochester denies the allegations contained in paragraph 51 of the Amended Complaint.

52. Rochester denies the allegations contained in paragraph 52 of the Amended Complaint.

53. Rochester denies the allegations contained in paragraph 53 of the Amended Complaint.

54. For its response to paragraph 54, Rochester admits that web browsers are application software that can be used for accessing the internet, and denies the remaining allegations contained in paragraph 54 of the Amended Complaint.

55. Rochester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations within paragraph 55 of the Amended Complaint, and thus denies the same.

56. Rochester denies the allegations contained in paragraph 56 of the Amended Complaint.

57. Rochester denies the allegations contained in paragraph 57 of the Amended Complaint.

58. Rochester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations within paragraph 58 of the Amended Complaint, and thus denies the same.

59. Rochester denies the allegations contained in paragraph 59 of the Amended Complaint.

60. Rochester denies the allegations contained in paragraph 60 of the Amended Complaint.

61. Rochester admits that plaintiffs cite and quote a portion from the webpage, https://investor.fb.com/investor-news/press-release-details/2022/Meta-Reports-Fourth-Quarterand-Full-Year-2021-Results/default.aspx, the contents of which speak for themselves.

62. Rochester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations within paragraph 62 of the Amended Complaint, and thus denies the same.

63. Rochester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations within paragraph 63 of the Amended Complaint, and thus denies the same.

64. For its response to paragraph 64 of the Amended Complaint, Rochester admits that plaintiffs cite the webpage https://www.facebook.com/business/help/205029060038706, states that the contents of that webpage speak for themselves, and denies plaintiffs' characterization of the webpage. Rochester further denies the remaining allegations contained in the paragraph.

65. For its response to paragraph 65, Rochester admits that plaintiffs cite the webpage https://www.facebook.com/business/help/742478679120153?id=120533766832142, states that the contents of that webpage speak for themselves, and denies plaintiffs' characterization of the webpage. Rochester further denies the remaining allegations contained in the paragraph.

66. Rochester denies the allegations contained in paragraph 66 of the Amended Complaint.

67. Rochester admits that plaintiffs quote a portion of the webpage https://www.facebook.com/business/news/Core-Audiences, states that the contents of the webpage speak for themselves, and denies plaintiffs' characterization of the webpage. Rochester further denies the remaining allegations contained in paragraph 67 of the Amended Complaint.

68. Rochester denies the allegations contained in paragraph 68 of the Amended Complaint.

69. For its response to paragraph 69, Rochester admits that plaintiffs quote portions of three webpages: https://www.facebook.com/business/help/744354708981227?id=2469097953376494; https://www.facebook.com/business/ads/ad-targeting; and https://www.facebook.com/business/help/164749007013531?id=401668390442328. Rochester states that the contents of these webpages speak for themselves, denies plaintiffs' characterization of the webpages, and denies the remaining allegations contained in paragraph 69 of the Amended Complaint.

70. For its response to paragraph 70, Rochester admits that plaintiffs cite to two webpages, https://www.facebook.com/business/help/170456843145568?id=2469097953376494 and https://www.facebook.com/business/help/1474662202748341?id=2469097953376494, states

that the contents of these webpages speak for themselves, and denies plaintiffs' characterization of the webpages. Rochester further denies the remaining allegations contained in paragraph 70 of the Amended Complaint.

71. Rochester admits that plaintiffs quote a portion of the webpage https://www.facebook.com/help/331509497253087, states that the webpage speaks for itself, and denies plaintiffs' characterization of the webpage. Rochester denies the remaining allegations contained in paragraph 71 of the Amended Complaint.

72. Rochester denies the allegations contained in paragraph 72 of the Amended Complaint.

73. Rochester admits that plaintiffs' cite two webpages, https://www.facebook.com/business/help/218844828315224?id=1205376682832142 and https://developers.facebook.com/docs/marketing-api/app-event-api/, states that the contents of these webpages speak for themselves, and denies plaintiffs' characterization of the webpages. Rochester further denies the remaining allegations contained in paragraph 73 of the Amended Complaint.

74. Rochester admits that plaintiffs quote portions of two webpages— https://www.facebook.com/business/help/402791146561655?id=1205376682832142; https://www.facebook.com/business/help/964258670337005?id=120537668283242—and cite a third—https://developers.facebook.com/docs/marketing-api/app-event-api/. Rochester states that the contents of these webpage speak for themselves, denies plaintiffs' characterization of the webpages, and denies the remaining allegations contained in paragraph 74 of the Amended Complaint.

75. Rochester admits that plaintiffs' quote a portion of the webpage https://www.facebook.com/business/goals/retargeting, states that the contents of the webpage speak for themselves, and denies plaintiffs' characterization of the webpage. Rochester further denies the remaining allegations contained in paragraph 75 of the Amended Complaint.

76. Rochester denies the allegations contained in paragraph 76 of the Amended Complaint.

77. Rochester denies the allegations contained in paragraph 77 of the Amended Complaint.

78. For its response to paragraph 78, Rochester states that the allegations therein contain a hypothetical, so Rochester is without knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

79. Rochester denies the allegations contained in paragraph 79 of the Amended Complaint.

80. Rochester denies the allegations contained in paragraph 80 of the Amended Complaint.

81. Rochester admits that plaintiffs cite a webpage, https://www.hhs.gov/hipaa/for-professionals/privacy/special-topics/de-identification/index.html, that they claim supports the allegations contained in paragraph 81. Rochester states that the contents of the webpage speak for themselves, denies plaintiffs' characterization of the webpage, and denies the remaining allegations contained in paragraph 81 of the Amended Complaint.

82. Rochester denies the allegations contained in paragraph 82 of the Amended Complaint.

83. Rochester lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations within paragraph 83 of the Amended Complaint, and thus denies the same.

84. Rochester denies the allegations contained in paragraph 84 of the Amended Complaint.

85. Rochester denies the allegations contained in paragraph 85 of the Amended Complaint.

86. Rochester denies the allegations contained in paragraph 86 of the Amended Complaint.

87. Rochester denies the allegations contained in paragraph 87 of the Amended Complaint.

88. Rochester denies the allegations contained in paragraph 88 of the Amended Complaint.

89. Rochester denies the allegations contained in paragraph 89 of the Amended Complaint.

90. For its response to paragraph 90, Rochester admits that the webpage includes a "Find a Provider" tab which directs people to https://www.urmc.rochester.edu/people. Rochester

denies that figure 1 accurately reflects the webpage https://www.urmc.rochester.edu/, and denies the remaining allegations contained in paragraph 90 of the Amended Complaint.

91. For its response to paragraph 91, Rochester states that the allegations therein contain a hypothetical, so Rochester is without knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.
92. Rochester denies the allegations contained in paragraph 92 of the Amended Complaint.
93. Rochester denies the allegations contained in paragraph 93 of the Amended Complaint.
94. Rochester denies the allegations contained in paragraph 94 of the Amended Complaint.
95. Rochester denies the allegations contained in paragraph 95 of the Amended Complaint.
96. Rochester denies the allegations contained in paragraph 96 of the Amended Complaint.
97. Rochester denies the allegations contained in paragraph 97 of the Amended Complaint.
98. Rochester denies the allegations contained in paragraph 98 of the Amended Complaint.
99. Rochester admits that plaintiffs cite a document, http://www.europe-v-facebook.org/ODPC_Review.pdf, and a webpage, https://www.facebook.com/policy/cookies/, that they claim support the allegations contained in paragraph 99 of the Amended Complaint. Rochester states that the contents of both speak for themselves, and denies plaintiffs' characterization of their contents. Rochester further states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 99 of the Amended Complaint, and therefore denies the same.
100. Rochester denies the allegations contained in paragraph 100 of the Amended Complaint.
101. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 101, and therefore denies the same.

102. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 102, and therefore denies the same.

103. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 103, and therefore denies the same.

104. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 104, and therefore denies the same.

105. Rochester admits that plaintiffs quote a portion of the webpage, https://www.pcmag.com/encyclopedia/term/first-party-cookie, states that the contents of that webpage speak for themselves, and denies plaintiffs' characterization of those contents. Rochester further denies the remaining allegations contained in paragraph 105 of the Amended Complaint.

106. Rochester admits that plaintiffs quote a portion of the webpage https://www.pcmag.com/encyclopedia/term/third-party-cookie, states that the contents of that webpage speak for themselves, and denies plaintiffs' characterization of those contents. Rochester further denies the remaining allegations contained in paragraph 106 of the Amended Complaint.

107. Rochester denies the allegations contained in paragraph 107 of the Amended Complaint.

108. Rochester denies the allegations contained in paragraph 108 of the Amended Complaint.

109. Rochester denies the allegations contained in paragraph 109 of the Amended Complaint.

110. Rochester denies the allegations contained in paragraph 110 of the Amended Complaint.

111. Rochester denies the allegations contained in paragraph 111 of the Amended Complaint.

112. Rochester denies the allegations contained in paragraph 112 of the Amended Complaint.

113. Rochester admits that plaintiffs quote a portion of URMC's Privacy Statement, available at https://www.urmc.rochester.edu/privacy/privacy-statement.aspx, which speaks for itself.

114. Rochester admits that plaintiffs quote portions of URMC's Privacy Statement, available at https://www.urmc.rochester.edu/privacy/privacy-statement.aspx, which speaks for itself.

115. For its response to paragraph 115 of the Amended Complaint, Rochester admits that plaintiffs cite and quote portions of URMC's HIPAA Notice of Privacy Practices, available at https://www.urmc.rochester.edu/MediaLibraries/URMCMedia/privacy/documents/NoticeofPrivacyPracticesHIPAA.pdf. Rochester states that the contents of this HIPAA Notice of Privacy Practices speak for themselves, denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 115 of the Amended Complaint.

116. For its response to paragraph 116 of the Amended Complaint, Rochester admits that plaintiffs quote a portion of URMC's HIPAA Notice of Privacy Practices, available at https://www.urmc.rochester.edu/MediaLibraries/URMCMedia/privacy/documents/NoticeofPrivacyPracticesHIPAA.pdf. Rochester further states that the contents of the HIPAA Notice of Privacy Practices speak for themselves, denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 116 of the Amended Complaint.

117. For its response to paragraph 117 of the Amended Complaint, Rochester admits that plaintiffs quote portions of URMC's HIPAA Notice of Privacy Practices, available at https://www.urmc.rochester.edu/MediaLibraries/URMCMedia/privacy/documents/NoticeofPrivacyPracticesHIPAA.pdf, the contents of which speak from themselves.

118. Rochester admits that plaintiffs quote portions of URMC's Privacy Statement, available at https://www.urmc.rochester.edu/privacy/privacy-statement.aspx. Rochester further states that the contents of the Privacy Statement speak for themselves, denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 118.

119. Rochester denies the allegations contained in paragraph 119 of the Amended Complaint.

120. Rochester admits that plaintiffs quote a portion of URMC's Privacy Statement, available at https://www.urmc.rochester.edu/privacy/privacy-statement.aspx. Rochester further states that the contents of the Privacy Statement speak for themselves, denies plaintiffs' characterization of those contents, and denies the remaining allegations contained in paragraph 120.

121. Rochester denies the allegations contained in paragraph 121 of the Amended Complaint.

122. Plaintiffs do not provide a citation for the quotations set forth in paragraph 122 of the Amended Complaint, so Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and thus denies the same.

123. Rochester denies the allegations contained in paragraph 123 of the Amended Complaint.

124. Rochester denies the allegations contained in paragraph 124 of the Amended Complaint.

125. Rochester denies the allegations contained in paragraph 125 of the Amended Complaint.

126. Rochester admits that plaintiffs quote from https://www.hhs.gov/sites/default/files/ocr/privacy/hipaa/understanding/coveredentities/Deidentification/hhs_deid_guidance.pdf, the contents of which speak for themselves.

127. Rochester admits that plaintiffs quote from https://www.hhs.gov/sites/default/files/ocr/privacy/hipaa/understanding/coveredentities/marketing.pdf which speaks for itself.

128. Rochester admits that physician-patient confidentiality is a key component of the physician-patient relationship, denies plaintiffs' characterization of that obligation as applied to their allegations, and denies the remaining allegations in paragraph 128 of the Amended Complaint.

129. Rochester states that the provisions of the American Medical Association's Code of Medical Ethics speak for themselves, denies plaintiffs' characterization of those provisions, and denies the remaining allegations contained in paragraph 129 of the Amended Complaint.

130. Rochester admits that plaintiffs quote from AMA Code of Medical Ethics Opinion 3.1.1, available at https://code-medical-ethics.ama-assn.org/opinions?search=3.1.1, the contents of which speak for themselves.

131. Rochester admits that plaintiffs quote from AMA Code of Medical Ethics Opinion 3.2.4, available at https://code-medical-ethics.ama-assn.org/ethics-opinions/access-medical-records-data-collection-companies, the contents of which speak for themselves.

132. Rochester admits that plaintiffs quote from AMA Code of Medical Ethics Opinion 3.3.2, available at https://code-medical-ethics.ama-assn.org/ethics-opinions/confidentiality-electronic-medical-records, the contents of which speak for themselves.

133. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 133, and therefore denies the same.

134. Rochester states that paragraph 134 contains a legal conclusion to which no response is required. To the extent a response is required, Rochester denies the allegations contained in paragraph 134 of the Amended Complaint.

135. For its response to paragraph 135, Rochester states that the allegations contained therein are legal conclusions requiring no response. To the extent that a response is required, Rochester denies the allegations contained in paragraph 135 of the Amended Complaint.

136. For its response to paragraph 136, Rochester states that the allegations contained therein are legal conclusions requiring no response. To the extent that a response is required, Rochester denies the allegations contained in paragraph 136 of the Amended Complaint.

137. For its response to paragraph 137, Rochester states that the allegations contained therein are legal conclusions requiring no response. To the extent that a response is required, Rochester denies the allegations contained in paragraph 137 of the Amended Complaint.

138. For its response to paragraph 138, Rochester states that the allegations contained therein are legal conclusions requiring no response. To the extent that a response is required, Rochester denies the allegations contained in paragraph 138 of the Amended Complaint.

139. For its response to paragraph 139, Rochester states that the allegations contained therein are legal conclusions requiring no response. To the extent that a response is required, Rochester denies the allegations contained in paragraph 139 of the Amended Complaint.

140. For its response to paragraph 140, Rochester states that the allegations contained therein are legal conclusions requiring no response. To the extent that a response is required, Rochester denies the allegations contained in paragraph 140 of the Amended Complaint.

141. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 141, and therefore denies the same.

142. Rochester denies the allegations contained in paragraph 142 of the Amended Complaint.

143. Rochester denies the allegations contained in paragraph 143 of the Amended Complaint.

144. Rochester admits the allegations contained in paragraph 144 of the Amended Complaint.

145. Rochester denies the allegations contained in paragraph 145 of the Amended Complaint.

146. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 146, and therefore denies the same.

147. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 147, and therefore denies the same.

148. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 148, and therefore denies the same.

149. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 149, and therefore denies the same.

150. Rochester denies the allegations contained in paragraph 150 of the Amended Complaint.

151. Rochester denies the allegations contained in paragraph 151 of the Amended Complaint.

152. Rochester denies the allegations contained in paragraph 152 of the Amended Complaint.

153. Rochester denies the allegations contained in paragraph 153 of the Amended Complaint.

154. Rochester denies the allegations contained in paragraph 154 of the Amended Complaint.

155. Rochester denies the allegations contained in paragraph 155 of the Amended Complaint.

156. Rochester denies the allegations contained in paragraph 156 of the Amended Complaint.

157. Rochester denies the allegations contained in paragraph 157 of the Amended Complaint.

## REPRESENTATIVE PLAINTIFFS' EXPERIENCES

158. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 158, and therefore denies the same.

159. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 159, and therefore denies the same.

160. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 160, and therefore denies the same.

161. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 161, and therefore denies the same.

162. Rochester denies the allegations contained in paragraph 162 of the Amended Complaint.

163. Rochester denies the allegations contained in paragraph 163 of the Amended Complaint.

164. Rochester denies the allegations contained in paragraph 164 of the Amended Complaint.

165. Rochester denies the allegations contained in paragraph 165 of the Amended Complaint.

166. Rochester denies the allegations contained in paragraph 166 of the Amended Complaint.

167. Rochester denies the allegations contained in paragraph 167 of the Amended Complaint.

168. Rochester denies the allegations contained in paragraph 168 of the Amended Complaint.

169. Rochester denies the allegations contained in paragraph 169 of the Amended Complaint.

170. Rochester denies the allegations contained in paragraph 170 of the Amended Complaint.

171. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 171, and therefore denies the same.

172. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 172, and therefore denies the same.

173. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 173, and therefore denies the same.

174. Rochester states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 174, and therefore denies the same.

175. Rochester denies the allegations contained in paragraph 175 of the Amended Complaint.

176. Rochester denies the allegations contained in paragraph 176 of the Amended Complaint.

177. Rochester denies the allegations contained in paragraph 177 of the Amended Complaint.

178. Rochester denies the allegations contained in paragraph 178 of the Amended Complaint.

179. Rochester denies the allegations contained in paragraph 179 of the Amended Complaint.

180. Rochester denies the allegations contained in paragraph 180 of the Amended Complaint.

181. Rochester denies the allegations contained in paragraph 181 of the Amended Complaint.

182. Rochester denies the allegations contained in paragraph 182 of the Amended Complaint.

183. Rochester denies the allegations contained in paragraph 183 of the Amended Complaint.

## TOLLING

184. For its response to paragraph 184, Rochester states that the allegations contained therein are legal conclusions requiring no response. To the extent that a response is required, Rochester denies the allegations contained in paragraph 184 of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

185. Rochester admits that plaintiffs purport to bring this action on behalf of themselves and the two proposed classes. Rochester denies that this case can be maintained as a class action and denies the remaining allegations contained in paragraph 185 of the Amended Complaint.

186. Rochester admits that plaintiffs purport to bring this action on behalf of themselves and the proposed class identified in paragraph 186. Rochester denies that this case can be maintained as a class action and denies the remaining allegations contained in paragraph 186 of the Amended Complaint.

187. Rochester admits that plaintiffs purport to bring this action on behalf of themselves and the proposed class identified in paragraph 187. Rochester denies that this case can be maintained as a class action and denies the remaining allegations contained in paragraph 187 of the Amended Complaint.

188. Rochester denies that this case can be maintained as a class action regardless of how the purported classes are defined, and denies that plaintiffs or any putative members of the classes are entitled to relief.

189. Rochester denies that this case can be maintained as a class action regardless of how the purported classes are defined, and denies that plaintiffs or any putative members of the classes are entitled to relief.

190. Rochester denies the allegations contained in paragraph 190 of the Amended Complaint.

191. Rochester denies the allegations contained in paragraph 191 of the Amended Complaint.

192. Rochester denies the allegations contained in paragraph 192 of the Amended Complaint.

193. Rochester denies the allegations contained in paragraph 193 of the Amended Complaint.

194. Rochester denies the allegations contained in paragraph 194 of the Amended Complaint.

195. Rochester denies the allegations contained in paragraph 195 of the Amended Complaint.

196. Rochester denies the allegations contained in paragraph 196 of the Amended Complaint.

197. Rochester denies the allegations contained in paragraph 197 of the Amended Complaint.

198. Rochester denies the allegations contained in paragraph 198 of the Amended Complaint.

199. Rochester denies the allegations contained in paragraph 199 of the Amended Complaint.

200. Rochester denies the allegations contained in paragraph 200 of the Amended Complaint.

201. For its response to paragraph 201, Rochester states that the allegations contained therein are legal conclusions requiring no response. To the extent that a response is required, Rochester denies the allegations contained in paragraph 201 of the Amended Complaint.

202. Rochester denies the allegations contained in paragraph 202 of the Amended Complaint.

203. Rochester admits that the principal place of business and headquarters of URMC, an unincorporated division of Rochester, is in Rochester, New York.

204. Rochester denies the allegations contained in paragraph 204 of the Amended Complaint.

205. Rochester denies the allegations contained in paragraph 205 of the Amended Complaint.

206. Rochester denies the allegations contained in paragraph 206 of the Amended Complaint.

207. For its response to paragraph 207, Rochester states that the allegations contained therein are legal conclusions requiring no response. To the extent that a response is required, Rochester denies the allegations contained in paragraph 207 of the Amended Complaint.

208. Rochester denies the allegations contained in paragraph 208 of the Complaint.

**COUNT I**

209. Pursuant to the Decision and Order dated March 19, 2024, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 209 of the Amended Complaint.

210. Pursuant to the Decision and Order dated March 19, 2024, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 210 of the Amended Complaint.

211. Pursuant to the Decision and Order dated March 19, 2024, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 211 of the Amended Complaint.

212. Pursuant to the Decision and Order dated March 19, 2024, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 212 of the Amended Complaint.

213. Pursuant to the Decision and Order dated March 19, 2024, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 213 of the Amended Complaint.

214. Pursuant to the Decision and Order dated March 19, 2024, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 214 of the Amended Complaint.

215. Pursuant to the Decision and Order dated March 19, 2024, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 215 of the Amended Complaint.

216. Pursuant to the Decision and Order dated March 19, 2024, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 216 of the Amended Complaint.

217. Pursuant to the Decision and Order dated March 19, 2024, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 217 of the Amended Complaint.

218. Pursuant to the Decision and Order dated March 19, 2024, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 218 of the Amended Complaint.

219. Pursuant to the Decision and Order dated March 19, 2024, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 219 of the Amended Complaint.

220. Pursuant to the Decision and Order dated March 19, 2024, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 220 of the Amended Complaint.

221. Pursuant to the Decision and Order dated March 19, 2024, Count I is dismissed and there is no answer needed for the allegations contained in paragraph 221 of the Amended Complaint.

**COUNT II**

222. Rochester reinstates and incorporates Rochester's responses to paragraphs 1 through 221 as if fully stated herein.

223. Rochester denies the allegations contained in paragraph 223 of the Amended Complaint.

224. Rochester denies the allegations contained in paragraph 224 of the Amended Complaint.

225. Rochester denies the allegations contained in paragraph 225 of the Amended Complaint.

226. Rochester denies the allegations contained in paragraph 226 of the Amended Complaint.

227. Rochester denies the allegations contained in paragraph 227 of the Amended Complaint.

228. Rochester denies the allegations contained in paragraph 228 of the Amended Complaint.

229. Rochester denies the allegations contained in paragraph 229 of the Amended Complaint.

230. Rochester denies the allegations contained in paragraph 230 of the Amended Complaint.

231. Rochester denies that plaintiffs are entitled to any of the relief they seek, and denies all allegations contained in paragraph 231 of the Amended Complaint.

**COUNT III**

232. Pursuant to the Decision and Order dated March 19, 2024, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 232 of the Amended Complaint.

233. Pursuant to the Decision and Order dated March 19, 2024, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 233 of the Amended Complaint.

234. Pursuant to the Decision and Order dated March 19, 2024, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 234 of the Amended Complaint.

235. Pursuant to the Decision and Order dated March 19, 2024, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 235 of the Amended Complaint.

236. Pursuant to the Decision and Order dated March 19, 2024, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 236 of the Amended Complaint.

237. Pursuant to the Decision and Order dated March 19, 2024, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 237 of the Amended Complaint.

238. Pursuant to the Decision and Order dated March 19, 2024, Count III is dismissed and there is no answer needed for the allegations contained in paragraph 238 of the Amended Complaint.

**Count IV**

239. Rochester reinstates and incorporates Rochester’s responses to paragraphs 1 through 238 as if fully stated herein.

240. Rochester admits that plaintiffs’ Count V claim for breach of implied contract is dismissed, and admits that plaintiffs purport to bring Count VI for unjust enrichment in the alternative of Count II for breach of contract. Rochester states that neither claim possesses merit, and denies the remaining allegations contained in paragraph 240 of the Amended Complaint.

241. Rochester denies the allegations contained in paragraph 241 of the Amended Complaint.

242. Rochester denies the allegations contained in paragraph 242 of the Amended Complaint.

243. Rochester denies the allegations contained in paragraph 243 of the Amended Complaint.

244. Rochester denies the allegations contained in paragraph 244 of the Amended Complaint.

245. Rochester denies the allegations contained in paragraph 245 of the Amended Complaint.

246. Rochester denies that plaintiffs are entitled to any of the relief they seek, and denies all allegations contained in paragraph 246 of the Amended Complaint.

**COUNT V**

247. Pursuant to the Decision and Order dated March 19, 2024, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 247 of the Amended Complaint.

248. Pursuant to the Decision and Order dated March 19, 2024, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 248 of the Amended Complaint.

249. Pursuant to the Decision and Order dated March 19, 2024, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 249 of the Amended Complaint.

250. Pursuant to the Decision and Order dated March 19, 2024, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 250 of the Amended Complaint.

251. Pursuant to the Decision and Order dated March 19, 2024, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 251 of the Amended Complaint.

252. Pursuant to the Decision and Order dated March 19, 2024, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 252 of the Amended Complaint.

253. Pursuant to the Decision and Order dated March 19, 2024, Count V is dismissed and there is no answer needed for the allegations contained in paragraph 253 of the Amended Complaint.

**COUNT VI**

254. Pursuant to the Decision and Order dated March 19, 2024, Count VI is dismissed and there is no answer needed for the allegations contained in paragraph 254 of the Amended Complaint.

255. Pursuant to the Decision and Order dated March 19, 2024, Count VI is dismissed and there is no answer needed for the allegations contained in paragraph 255 of the Amended Complaint.

256. Pursuant to the Decision and Order dated March 19, 2024, Count VI is dismissed and there is no answer needed for the allegations contained in paragraph 256 of the Amended Complaint.

257. Pursuant to the Decision and Order dated March 19, 2024, Count VI is dismissed and there is no answer needed for the allegations contained in paragraph 257 of the Amended Complaint.

258. Pursuant to the Decision and Order dated March 19, 2024, Count VI is dismissed and there is no answer needed for the allegations contained in paragraph 258 of the Amended Complaint.

259. Pursuant to the Decision and Order dated March 19, 2024, Count VI is dismissed and there is no answer needed for the allegations contained in paragraph 259 of the Amended Complaint.

260. Pursuant to the Decision and Order dated March 19, 2024, Count VI is dismissed and there is no answer needed for the allegations contained in paragraph 260 of the Amended Complaint.

## COUNT VII

261. Rochester reinstates and incorporates Rochester's responses to paragraphs 1 through 260 as if fully stated herein.

262. Rochester denies the allegations contained in paragraph 262 of the Amended Complaint.

263. Rochester denies the allegations contained in paragraph 263 of the Amended Complaint.

264. Rochester denies the allegations contained in paragraph 264 of the Amended Complaint.

265. For its response to paragraph 265, Rochester states that the allegations contained therein are legal conclusions requiring no response. To the extent that a response is required, Rochester denies the allegations contained in paragraph 265 of the Amended Complaint.

266. Rochester denies the allegations contained in paragraph 266 of the Amended Complaint.

267. Rochester denies the allegations contained in paragraph 267 of the Amended Complaint.

268. Rochester denies the allegations contained in paragraph 268 of the Amended Complaint.

269. Rochester denies that plaintiffs are entitled to any of the relief they seek, and denies all allegations contained in paragraph 269 of the Amended Complaint.

**COUNT VIII**

270. Rochester reinstates and incorporates Rochester's response to paragraph 1 through 269 as if fully stated herein.

271. Rochester denies the allegations contained in paragraph 271 of the Amended Complaint.

272. Rochester denies the allegations contained in paragraph 272 of the Amended Complaint.

273. Rochester denies the allegations contained in paragraph 273 of the Amended Complaint.

274. Rochester denies the allegations contained in paragraph 274 of the Amended Complaint.

275. Rochester denies the allegations contained in paragraph 275 of the Amended Complaint.

276. Rochester denies the allegations contained in paragraph 276 of the Amended Complaint.

277. Rochester denies the allegations contained in paragraph 277 of the Amended Complaint.

278. Rochester denies the allegations contained in paragraph 278 of the Amended Complaint.

279. Rochester denies the allegations contained in paragraph 279 of the Amended Complaint.

280. Rochester denies the allegations contained in paragraph 280 of the Amended Complaint.

281. Rochester denies the allegations contained in paragraph 281 of the Amended Complaint.

282. Rochester denies the allegations contained in paragraph 282 of the Amended Complaint.

283. Rochester denies the allegations contained in paragraph 283 of the Amended Complaint.

284. Rochester denies the allegations contained in paragraph 284 of the Amended Complaint.

285. Rochester denies the allegations contained in paragraph 285 of the Amended Complaint.

286. Rochester denies the allegations contained in paragraph 286 of the Amended Complaint.

287. Rochester denies the allegations contained in paragraph 287 of the Amended Complaint.

288. Rochester denies that plaintiffs are entitled to any of the relief they seek, and denies all allegations contained in paragraph 288 of the Amended Complaint.

**COUNT IX**

289. Rochester reinstates and incorporates Rochester's responses to paragraphs 1 through 288 as if fully stated herein.

290. For its response to paragraph 290, Rochester states that the allegations contained therein are legal conclusions requiring no response. To the extent that a response is required, Rochester denies the allegations contained in paragraph 290 of the Amended Complaint.

291. For its response to paragraph 291, Rochester states that the allegations contained therein are legal conclusions requiring no response. To the extent that a response is required, Rochester denies the allegations contained in paragraph 291 of the Amended Complaint.

292. For its response to paragraph 292, Rochester states that the allegations contained therein are legal conclusions requiring no response. To the extent that a response is required, Rochester denies the allegations contained in paragraph 292 of the Amended Complaint.

293. Rochester admits that plaintiffs quote a portion of 19 U.S.C. § 2510(2), the contents of which speak for themselves, and denies the remaining allegations contained in paragraph 293.

294. Rochester admits that plaintiffs quote a portion of 19 U.S.C. § 2510(8), the contents of which speak for themselves, and denies the remaining allegations contained in paragraph 294.

295. Rochester admits that plaintiffs quote a portion of 19 U.S.C. § 2510(4) and (8), the contents of which speak for themselves, and denies the remaining allegations within paragraph 295.

296. Rochester admits that plaintiffs quote a portion of 19 U.S.C. § 2510(5), the contents of which speak for themselves, and denies the remaining allegations contained in paragraph 296.

297. Rochester denies the allegations contained in paragraph 297 of the Amended Complaint.

298. Rochester denies the allegations contained in paragraph 298 of the Amended Complaint.

299. Rochester denies the allegations contained in paragraph 299 of the Amended Complaint.

300. Rochester denies the allegations contained in paragraph 300 of the Amended Complaint.

301. Rochester denies the allegations contained in paragraph 301 of the Amended Complaint.

302. Rochester denies the allegations contained in paragraph 302 of the Amended Complaint.

303. Rochester denies the allegations contained in paragraph 303 of the Amended Complaint.

304. Rochester denies the allegations contained in paragraph 304 of the Amended Complaint.

305. Rochester denies the allegations contained in paragraph 305 of the Amended Complaint.

306. Rochester denies the allegations contained in paragraph 306 of the Amended Complaint.

307. Rochester denies the allegations contained in paragraph 307 of the Amended Complaint.

## COUNT X

308. Pursuant to the Decision and Order dated March 19, 2024, Count X is dismissed and there is no answer needed for the allegations contained in paragraph 308 of the Amended Complaint.

309. Pursuant to the Decision and Order dated March 19, 2024, Count X is dismissed and there is no answer needed for the allegations contained in paragraph 309 of the Amended Complaint.

310. Pursuant to the Decision and Order dated March 19, 2024, Count X is dismissed and there is no answer needed for the allegations contained in paragraph 310 of the Amended Complaint.

311. Pursuant to the Decision and Order dated March 19, 2024, Count X is dismissed and there is no answer needed for the allegations contained in paragraph 311 of the Amended Complaint.

312. Pursuant to the Decision and Order dated March 19, 2024, Count X is dismissed and there is no answer needed for the allegations contained in paragraph 312 of the Amended Complaint.

313. Pursuant to the Decision and Order dated March 19, 2024, Count X is dismissed and there is no answer needed for the allegations contained in paragraph 313 of the Amended Complaint.

314. Pursuant to the Decision and Order dated March 19, 2024, Count X is dismissed and there is no answer needed for the allegations contained in paragraph 314 of the Amended Complaint.

315. Pursuant to the Decision and Order dated March 19, 2024, Count X is dismissed and there is no answer needed for the allegations contained in paragraph 315 of the Amended Complaint.

316. Pursuant to the Decision and Order dated March 19, 2024, Count X is dismissed and there is no answer needed for the allegations contained in paragraph 316 of the Amended Complaint.

317. Pursuant to the Decision and Order dated March 19, 2024, Count X is dismissed and there is no answer needed for the allegations contained in paragraph 317 of the Amended Complaint.

318. Pursuant to the Decision and Order dated March 19, 2024, Count X is dismissed and there is no answer needed for the allegations contained in paragraph 318 of the Amended Complaint.

319. Pursuant to the Decision and Order dated March 19, 2024, Count X is dismissed and there is no answer needed for the allegations contained in paragraph 319 of the Amended Complaint.

320. Pursuant to the Decision and Order dated March 19, 2024, Count X is dismissed and there is no answer needed for the allegations contained in paragraph 320 of the Amended Complaint.

321. Pursuant to the Decision and Order dated March 19, 2024, Count X is dismissed and there is no answer needed for the allegations contained in paragraph 321 of the Amended Complaint.

322. Pursuant to the Decision and Order dated March 19, 2024, Count X is dismissed and there is no answer needed for the allegations contained in paragraph 322 of the Amended Complaint.

**COUNT XI**

323. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 323 of the Amended Complaint.

324. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 324 of the Amended Complaint.

325. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 325 of the Amended Complaint.

326. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 326 of the Amended Complaint.

327. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 327 of the Amended Complaint.

328. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 328 of the Amended Complaint.

329. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 329 of the Amended Complaint.

330. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 330 of the Amended Complaint.

331. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 331 of the Amended Complaint.

332. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 332 of the Amended Complaint.

333. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 333 of the Amended Complaint.

334. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 334 of the Amended Complaint.

335. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 335 of the Amended Complaint.

336. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 336 of the Amended Complaint.

337. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 337 of the Amended Complaint.

338. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 338 of the Amended Complaint.

339. Pursuant to the Decision and Order dated March 19, 2024, Count XI is dismissed and there is no answer needed for the allegations contained in paragraph 339 of the Amended Complaint.

**COUNT XII**

340. Pursuant to the Decision and Order dated March 19, 2024, Count XII is dismissed and no answer is needed for the allegations contained in paragraph 340 of the Amended Complaint.

341. Pursuant to the Decision and Order dated March 19, 2024, Count XII is dismissed and no answer is needed for the allegations contained in paragraph 341 of the Amended Complaint.

342. Pursuant to the Decision and Order dated March 19, 2024, Count XII is dismissed and no answer is needed for the allegations contained in paragraph 342 of the Amended Complaint.

343. Pursuant to the Decision and Order dated March 19, 2024, Count XII is dismissed and no answer is needed for the allegations contained in paragraph 343 of the Amended Complaint.

344. Pursuant to the Decision and Order dated March 19, 2024, Count XII is dismissed and no answer is needed for the allegations contained in paragraph 344 of the Amended Complaint.

345. Pursuant to the Decision and Order dated March 19, 2024, Count XII is dismissed and no answer is needed for the allegations contained in paragraph 345 of the Amended Complaint.

**PRAYER FOR RELIEF**

Rochester denies that Plaintiffs are entitled to any of the relief they seek in (A) through (I) of their Prayer for Relief, and denies the allegations contained in the Prayer for Relief of the Amended Complaint.

**DEMAND FOR JURY TRIAL**

Rochester demands proof that Plaintiffs and the putative classes are entitled to trial by jury on each of the remaining claims in the Amended Complaint as a matter of right.

**GENERAL DEFENSE**

Rochester denies each and every allegation in the Amended Complaint that is not specifically admitted herein.

**AFFIRMATIVE DEFNSES**

Rochester asserts the following affirmative defenses with respect to plaintiffs' five remaining claims contained in the Amended Complaint:

1. Plaintiffs' remaining claims fail to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, including for failing to meet the basic statutory elements of their N.Y. Gen. Bus. Law § 340 and 18 U.S.C. § 2511(1) counts, for failing to establish a breach of any terms of the alleged "relevant privacy policies and representations" with Rochester, for failing to establish that Rochester unjustly benefitted in any way at their expense, and for failing to establish that Rochester entered into or breached any constructive bailment with plaintiffs.
2. Plaintiffs' alleged electronic communications and/or those of the putative classes may fall, either in whole or in part, within an exception to 18 U.S.C. § 2511(1).

3. Plaintiffs' remaining claims and those of the putative classes are barred by the First and Fourteenth Amendments of the United States Constitution as Rochester's alleged misconduct amounts to protected speech.
4. Plaintiffs' remaining claims and those of the putative classes are preempted by federal law, either in whole or in part, as the federal government made it a federal governmental mission to allow individuals to access their health records over the Internet, and holding Rochester liable under New York state law for alleged third-party disclosures made when a patient access their health records online would conflict with this federal mission.
5. To the extent that plaintiffs and the putative classes' remaining claims rely, in whole or in part, on the Department of Health and Human Services' recent tracking technologies guidance, that guidance is not entitled to deference under *Chevron, U.S.A. Inc. v. Nat'l Resources Defense Council, Inc.*, 467 U.S. 837 (1984), as such guidance goes beyond the meaning that the statute can bear, and would only operate prospectively in any event.
6. Plaintiffs' remaining claims and those of the putative classes are, or may be, barred by the doctrines of waiver and/or release as the terms and conditions plaintiffs and the putative classes assented to bars their remaining claims, including with respect to the patient portal.
7. Plaintiffs' remaining claims and those of the putative classes are barred by consent; by using Rochester's website, plaintiffs and the members of the putative classes gave their consent that information and materials communications to Rochester through its public web properties—including data, form submissions, questions, comments, and suggestions—may be treated as non-confidential.
8. Plaintiffs' remaining claims and those of the putative classes are barred by estoppel, acquiescence, and/or the doctrine of laches as plaintiffs and the putative classes have been

on notice of the terms and conditions of Rochester's website and consented to those terms and conditions.

9. Plaintiffs' remaining claims and those of the putative classes are barred, in whole or in part, because Rochester, at all times, did not act knowingly or intentionally, but instead acted in good faith and in compliance with applicable statutes and/or regulations, including, but not limited to, not engaging in any surreptitious conduct under 18 U.S.C. § 2511(1).
10. Plaintiffs' remaining claims and those of the putative classes are barred in whole, or in part, by Rochester's objectively reasonable belief that any use of analytical tools on Rochester's publicly accessible web properties did not transmit confidential health information, and was in all respects lawful under the existing regulations, and thus also that any supposed statutes or regulations should only be applied prospectively.
11. Plaintiffs' remaining claims and those of the putative classes are or may be barred, or must be reduced in scope, because they are based on conduct that occurred, if at all, outside of the applicable statute of limitations period.
12. The alleged actions or omissions of Rochester were not the legal or proximate cause of any alleged injuries to plaintiffs, and plaintiffs have not been injured as a matter of law.
13. Plaintiffs' remaining claims and those of the putative classes are barred, in whole or in part, because they have failed to join necessary and indispensable parties.
14. This case is improper for resolution on a class-wide basis because neither putative class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically, plaintiffs are not adequate representatives of either purported class; their remaining claims are not typical; common questions of law or fact affecting the individual members of the

classes do not predominate; a class action is neither manageable nor superior; and/or there is no ascertainable class with a community of interest.

15. The alleged damages suffered by plaintiffs and the putative classes, if any, were the result of superseding and/or intervening causes, which actions bar, preclude, and/or diminish plaintiffs' and the members of the putative classes' recovery against Rochester.

16. Plaintiffs' remaining claims and those of the putative classes are or may be barred or reduced by their failure to mitigate their alleged damages.

17. The imposition of aggregated, class-wide damages in this case would be excessive and violate Rochester's due process and other Constitutional Rights, and plaintiffs are not entitled to any putative damages on their remaining claims.

18. Plaintiffs' remaining claims and those of the putative classes are barred, in whole or in part, by their assumption of the risk because the Internet is not private, and access to free online medical information and electronic health records has enormous social value and thus this socially beneficial activity is fostered by shielding Rochester from potentially crushing liability.

19. Plaintiffs' remaining claims and those of putative classes must be reduced, in whole or in part, by an appropriate set-off to the extent that plaintiffs or the members of the putative classes owe any amount to Rochester.

20. Plaintiffs and the putative classes have suffered no actual injury or legally cognizable damages, and their purported damages, if any, are speculative and/or uncertain and, therefore, not compensable.

**RESERVATION OF RIGHTS**

Rochester states that the lack of discovery and the aggregated nature of plaintiffs' remaining claims, in particular with respect to both the absent members of the putative classes as well as the claim brought in the alternative, make an analysis of all potential affirmative defenses that may be applicable to any given absent class member infeasible at this time, and therefore expressly reserves the right to assert additional affirmative defenses as this case progresses.

Dated: May 9, 2024

Respectfully submitted,

/s/ *David Carney*

David Carney (OH 0079824)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
Email: dcarney@bakerlaw.com

Robyn M. Feldstein
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
14th Floor
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email: rfeldstein@bakerlaw.com

*Attorneys for Defendant University of Rochester*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2024, the foregoing was filed with the Clerk of Court using CM/ECF, which will send notification to the registered attorneys of record that the document has been filed and is available for viewing and downloading.

/s/ *David Carney*
*One of the attorneys for defendant University of Rochester*