## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

CAROL KANE and BONNIE WILSON,
*on behalf of themselves and all others
similarly situated,*

                          Plaintiffs,

                  v.                                    Case No. 6:23-cv-06027

UNIVERSITY OF ROCHESTER,

                          Defendant.

---

### REVISED SETTLEMENT AGREEMENT

This Revised Settlement Agreement is made and entered into by, between and among the following Settling Parties (collectively, the "Parties"): (i) Carol Kane and Bonnie Wilson (the "Class Representatives"), individually and on behalf of the Settlement Class, by and through their counsel of record; and (ii) the University of Rochester ("Defendant" or the "University"), by and through its counsel of record. The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Litigation and Released Claims, upon and subject to the terms and conditions herein.

### <u>RECITALS</u>

**WHEREAS**, the University of Rochester's affiliated academic medical center, the University of Rochester Medical Center ("URMC"), provides healthcare services in the State of New York;

**WHEREAS**, in connection with these services, URMC operates a  public website, https://www.urmc.rochester.edu/ (the "Website"), and an Epic MyChart patient portal

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

https://mychart.urmc.rochester.edu/mychart/ (the "Patient Portal") (collectively, the "Web Properties");

**WHEREAS**, on January 11, 2023, representative plaintiff Carol Kane commenced a class action lawsuit by filing a complaint in the United States District Court for the Western District Court of New York alleging that personal health information was collected and shared with Facebook through URMC's implementation of the Facebook Pixel on its Web Properties;

**WHEREAS**, on March 24, 2023, the University moved to dismiss Carol Kane's complaint in its entirety for failure to state a claim;

**WHEREAS**, on April 21, 2023, Carol Kane, along with newly added named plaintiff Bonnie Wilson, filed an amended class action complaint in the United States District Court for the Western District Court of New York asserting twelve causes of action;

**WHEREAS**, the amended complaint asserted four claims under federal law: (1) violation of the Electronic Communications Privacy Act for an Unauthorized Interception, Use, and Disclosure; (2) violation of the Electronic Communications Privacy Act for the Unauthorized Divulgence by an Electronic Communications Service; (3) violation of the Stored Communications Act; and (4) violation of the Computer Fraud and Abuse Act;

**WHEREAS,** the amended complaint asserted eight claims under New York state law: (1) invasion of privacy; (2) breach of express contract; (3) breach of fiduciary duty; (4) unjust enrichment; (5) breach of implied contract; (6) breach of confidence; (7) bailment; and (8) violation of the New York Deceptive Trade Practices Act;

**WHEREAS**, on May 12, 2023, the University moved to dismiss Plaintiffs' amended complaint in its entirety for failure to state a claim;

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

**WHEREAS**, on March 19, 2024, the Honorable Frank P. Geraci, Jr. of the United States District Court for the Western District of New York, granted in part and denied in part the University's Motion to Dismiss;

**WHEREAS,** Judge Geraci dismissed seven claims in the amended complaint with leave to amend: (1) invasion of privacy; (2) breach of fiduciary duty; (3) breach of implied contract; (4) breach of confidence; (5) violation of the Electronic Communications Privacy Act for the Unauthorized Divulgence by an Electronic Communications Service; (6) violation of the Stored Communication Act; and (7) violation of the Computer Fraud and Abuse Act;

**WHEREAS,** five claims survived the motion to dismiss: (1) breach of express contract; (2) unjust enrichment; (3) bailment; (4) alleged violation of the New York Deceptive Trade Practices Act; and (5) alleged violation of the Electronic Communications Privacy Act for an Unauthorized Interception, Use, and Disclosure;

**WHEREAS**, following the ruling, Plaintiffs and the University agreed to mediate the remaining claims, and, on July 25, 2024, engaged in a full-day mediation before Mr. Bruce A. Friedman, *Esq*.;

**WHEREAS**, the mediation was successful, and resulted in a settlement in principle and the execution of a settlement term sheet;

**WHEREAS**, following on the settlement term sheet, this Agreement sets forth the complete and final understanding of the Parties regarding the settlement of the civil action captioned *Kane, et al., v. University of Rochester*: No. 6:23-CV-06027 (the "Litigation"), currently pending in the United States District Court for the Western District of New York;

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by, between and among the Class Representatives, individually and on behalf of the Settlement Class, Class Counsel and the University, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally, fully and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except those Settlement Class Members who lawfully opt-out of the Settlement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

## I.    DEFINITIONS.

As used anywhere in the Settlement Agreement, including the recitals, the following terms have the meanings specified below:

1.1    "Agreement", "Settlement Agreement," or "Revised Agreement" means this agreement.

1.2    "Attorneys' Fees and Expenses" means the attorneys' fees, costs, and expenses incurred by Class counsel in connection with commencing, prosecuting, and settling the Litigation on behalf of Class Members.

1.3    "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Settlement Administrator.

1.4    "Claims Administration Cost" means all actual costs associated with or arising from Claims Administration.

1.5    "Claims Deadline" shall be sixty (60) days after the Notice Date.

1.6    "Claim Form" means the form that will be available for Settlement Class Members to submit a Settlement Claim to the Settlement Administrator, substantially in the form as shown in Exhibit C to this Settlement Agreement. Settlement Class

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

Members must submit a Claim Form, subject to the provisions of this Settlement Agreement, to obtain benefits under this Settlement Agreement.

1.7     "Class Counsel" shall mean David S. Almeida, *Esq.* of Almeida Law Group LLC located at 849 W. Webster Avenue in Chicago, Illinois 606114 and James J. Bilsborrow, *Esq.* of Weitz & Luxenberg P.C. located at 700 Broadway Avenue in New York, New York 10003.

1.8     "Class Representatives," "Plaintiffs" or "Named Plaintiffs" means Carol Kane and Bonnie Wilson.

1.9     "Defendant's Counsel" shall mean David A. Carney, *Esq.* of Baker & Hostetler LLP, located at 127 Public Square, Suite 2000 in Cleveland, Ohio 44114.

1.10    "Effective Date" shall mean the date when the Settlement Agreement becomes final, which is thirty-one (31) days after the Court grants final approval, assuming no appeals are filed. If any appeal is filed the Effective Date shall be thirty-one (31) days from when the appeal is finally decided by the United States Supreme Court, or the time for petitioning for certiorari with the United States Supreme Court has expired, whichever date comes later.

1.11    "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment; and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review, including through a petition for

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

certiorari. Notwithstanding the above, any order modifying or reversing any attorneys' fee award made in this case shall not affect whether the Judgment is "Final" or any other aspect of the Judgment.

1.12    "Final Approval Hearing" means the hearing at which the Court will determine whether to approve the proposed Settlement, including determining whether the settlement benefits, Attorneys' Fees and Expenses, and Claims Administration Costs are fair, reasonable, and adequate.

1.13    "Judgment" means a final Judgment rendered by the Court under Federal Rule of Civil Procedure 54(b).

1.14    "Long-Form Notice" means the long-form notice of settlement to be posted on the Settlement Website, substantially in the form of Exhibit A.

1.15    "Objection Date" means the date by which Settlement Class Members must file with the Court any objections to the Settlement. The Objection Date shall be sixty (60) days after the Notice Date.

1.16    "Opt-Out Date" means the date by which Settlement Class Members must request to be excluded from the Settlement Class for that request to be effective. The Opt-Out Date shall be sixty (60) days after the Notice Date.

1.17    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

1.18    "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class. The Settling Parties' proposed form of Preliminary Approval Order is attached to this Agreement as Exhibit D. This Exhibit has been revised by the Court following the Parties' preliminary approval hearing, and the Parties understand and acknowledge that the Exhibit may be further modified by the Court.

1.19    "Related Entities" means the University's past or present parents, subsidiaries, affiliates, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of these entities' respective predecessors, successors, directors, managers, officers, employees, members, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation.

1.20    "Released Claims" shall collectively mean any and all claims and causes of action, both known and unknown, and including any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, Attorneys' Fees and Expenses, pre-judgment interest, statutory damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been or could have been asserted by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Litigation or the allegations, facts, or circumstances described therein. Released claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.21 "Released Persons" means the University and its Related Entities, including URMC.

1.22 "Settlement Administrator" means Simpluris, Inc., as approved by the Court.

1.23 "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.24 "Settlement Class" means: (i) all individuals who accessed or otherwise used URMC's MyChart patient portal between January 11, 2021 and January 11, 2023; and (ii) all individuals who filled out forms on URMC's public website between January 1, 2018, and June 12, 2023. The Settlement Class consists of approximately 699,406 individuals, and specifically excludes: (a) officers and directors of Defendant, its agents, affiliates, subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest; (b) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (c) the Judge and Magistrate Judge, including their staff and immediate members of the Judge's family, assigned to evaluate the fairness of this settlement; and (d) Class Counsel.

1.25 "Settlement Class Member" means any Person who falls within the definition of the Settlement Class.

1.26 "Settlement Website" means a dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Short-Form Notice,

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

the Long-Form Notice, and the Claim Form, among other things as agreed upon by the Parties and approved by the Court as required.

1.27    "Short-Form Notice" means the short-form notice of this proposed class action Settlement, substantially in the form as shown in Exhibit B to this Settlement Agreement. The Short-Form Notice will direct recipients to the Settlement Website where recipients may view the Long-Form Notice and make a claim for monetary relief. The Short-Form Notice will also inform Settlement Class Members, *inter alia*, of the Claims Deadline, the Opt-Out Date and Objection Date and the date of the Final Approval Hearing.

## II.    THE SETTLEMENT FUND.

2.1    **The Settlement Fund:** Defendant agrees to make a payment of Two Million Eight Hundred Fifty Thousand Dollars and No Cents ($2,850,000.00) and deposit that payment into the Settlement Fund (the "Settlement Fund") as follows:

   a. Defendant shall pay Two Hundred Thousand Dollars and No Cents ($200,000.00) into the Settlement Fund ten (10) Days after this Court enters the Preliminary Approval Order, which shall be available to cover Cost of Claims Administration incurred prior to entry of the Final Approval Order and Final Judgment; and

   b. Defendant shall pay the balance of the Settlement Fund, Two Million Six Hundred Fifty Thousand Dollars and No Cents ($2,650,000.00), thirty (30) Days after the Effective Date.

2.2    **Maximum Amounts:** Under no circumstances shall Defendant's liability exceed Two Million Eight Hundred Fifty Thousand Dollars and No Cents ($2,850,000.00) for the Settlement. Further, the Parties agree that the cost of settlement administration shall not exceed $200,000.00.

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

2.3    **Settlement Fund Payment Timing:** The timing set forth in this provision is contingent upon the receipt of a W-9 from Simpluris for the Settlement Fund by the date that the Preliminary Approval Order is issued. If Defendant does not receive this information by the date that the Preliminary Approval Order is issued, the payments specified by this paragraph shall be made within thirty (30) days after University of Rochester receives this information.

2.4    **Settlement Fund Custody:** The Settlement Fund shall be deposited in an appropriate trust account established by the Settlement Administrator but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Agreement or returned to those who paid the Settlement Fund in the event this Agreement is voided, terminated or cancelled.

a.    In the event this Agreement is voided, terminated, or cancelled due to lack of approval from the Court or any other reason: (i) the Class Representatives and Class Counsel shall have no obligation to repay any of the Cost of Claims Administration that have been paid or incurred in accordance with the terms and conditions of this Agreement; (ii) any amounts remaining in the Settlement Fund after payment of Notice and Claims Administration Costs paid or incurred in accordance with the terms and conditions of this Agreement, including all interest earned on the Settlement Fund net of any taxes, shall be returned to Defendant and (iii) no other person or entity shall have any further claim whatsoever to such amounts.

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

2.5    **Settlement Fund Payments:** As further described in this Agreement, the Settlement Fund shall be used to pay for: (i) reasonable Cost of Claims Administration incurred pursuant to this Settlement Agreement as approved by the Parties and approved by the Court, (ii) any taxes owed by the Settlement Fund, (iii) any service approved by the Court, (iv) any Attorneys' Fees and Expenses Award as approved by the Court and (v) any benefits to Settlement Class Members, pursuant to the terms and conditions of this Agreement.

2.6    **Settlement Fund Account:** The Settlement Fund shall be an account established and administered by the Settlement Administrator, at a financial institution recommended by the Settlement Administrator and approved by Class Counsel and Defendant, and shall be maintained as a qualified settlement fund pursuant to Treasury Regulation § 1.468 B-1, *et seq*.

2.7    **Withdrawal Authorization:** No amounts may be withdrawn from the Settlement Fund unless (i) expressly authorized by the Settlement Agreement, or as may be (ii) approved by the Court. The Parties, by agreement, may authorize the periodic payment of actual reasonable Cost of Claims Administration from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement Administrator shall provide Class Counsel and Defendant with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement Fund before the Effective Date at least seven (7) business days prior to making such withdrawal or payment.

2.8    **Class Member Payments:** The Settlement Administrator, subject to such supervision and direction of the Court and Class Counsel as may be necessary or

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

as circumstances may require, shall administer and oversee distribution of the Settlement Fund to Claimants pursuant to this Agreement.

2.9    **Treasury Regulations and Fund Investment:** The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any taxes owed by the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. All funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the payment clearing process. The Settlement Administrator shall provide an accounting of all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

2.10   **Taxes:** All taxes owed by the Settlement Fund shall be paid out of the Settlement Fund, shall be considered a Cost of Claims Administration, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

for taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

2.11    **Limitation of Liability:**

a.  Defendant and its counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission, or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. Defendant also shall have no obligation to communicate with Settlement Class Members and others regarding amounts paid under the Settlement.

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

b. The Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

## III.    SETTLEMENT ADMINISTRATION.

3.1    **Cost of Claims Administration:** All agreed upon and reasonable Cost of Claims Administration will be paid from the Settlement Fund.

3.2    **Claims Administration Process:** The Settlement Administrator will administer the claims process in accordance with the terms of the Settlement Agreement and any additional processes agreed to by both Class Counsel and Defendant's Counsel, subject to the Court's supervision and direction as circumstances may require.

3.3    **Claims Submission:** To make a claim, a Settlement Class Member must complete and submit a valid, timely, and sworn Claim Form. Claim Forms shall be returned or submitted to the Settlement Administrator online or via U.S. mail, postmarked by the Claims Deadline set by the Court, or be forever barred unless such claim is

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

otherwise approved by the Court at the Final Approval Hearing, for good cause shown as demonstrated by the applicable Settlement Class Member.

3.4 **Claims Review:** The Settlement Administrator will review and evaluate each Claim Form, including any required documentation submitted, for validity, timeliness, and completeness.

3.5 **Claims Payments:** Subject to the terms and conditions of this Settlement Agreement, thirty (30) Days after the Effective Date, the Settlement Administrator shall provide a *pro rata* digital payment or mail check (a "Claim Payment") to each Claimant that has submitted a Claim Form approved by the Settlement Administrator or by the Court, for good cause shown, in accordance with the following distribution procedures:

   a. The Settlement Administrator shall utilize the Net Settlement Fund to make all Cash Compensation payments as described in Paragraph 4.2. The amount of each Cash Compensation payment shall be calculated by dividing the Settlement Fund by the number of valid claims for Cash Compensation.

3.6 **Claims Payments:** Each Claim Payment shall be delivered to the digital or physical address provided by the Claimant on his or her Claim Form. All Claim Payments issued under this section shall be void if not negotiated within ninety (90) calendar days of their date of issue and shall contain a legend to that effect. Claim Payments issued pursuant to this section that are not negotiated within ninety (90) calendar days of their date of issue shall not be reissued.

3.7 **Subsequent Claims Payment:** To the extent any monies remain in the Net Settlement Fund more than one hundred twenty (120) Days after the distribution of

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

Claim Payments to the Claimants, a subsequent payment will be evenly made to all Claimants who cashed or deposited their initial Claim Payments they received, provided that the average payment amount is equal to or greater than Three Dollars and No Cents ($3.00). The distribution of this remaining Net Settlement Fund shall continue until the average payment amount in a distribution is less than Three Dollars and No Cents ($3.00), whereupon the amount remaining in the Net Settlement Fund, if any, shall be distributed by mutual agreement of the Parties and the Court.

3.8    **Undeliverable Claims Payments:** For any Claim Payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to find a valid address and resend the Claim Payment within thirty (30) Days after the payment is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall only make one attempt to resend a Claim Payment.

3.9    **Residual Funds:** No portion of the Net Settlement Fund shall revert or be repaid to Defendant after the Effective Date.

3.10    **Third-Party Creditors:** In the event a third party, such as a bankruptcy trustee, former spouse, or other third party has or claims to have a claim against any payment made to a Settlement Class Member, it is the responsibility of the Settlement Class Member to transmit the funds to such third party. Unless otherwise ordered by the Court, the Parties will have no, and do not agree to any, responsibility for such transmittal.

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

## IV.    NOTICE TO SETTLEMENT CLASS MEMBERS

4.1    **The Notice Program:** The Parties agree the following "Notice Program" provides reasonable notice to the Settlement Class.

4.2    **Defendant's Obligation to the Notice Program:** Within fifteen (15) Days of the entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the names, last known email addresses and/or last known home addresses for the Settlement Class Members.

4.3    **Notice Timing:** Within thirty (30) Days following entry of the Preliminary Approval Order ("Notice Date"), the Settlement Administrator shall send the Short-Form Notice to all Settlement Class Members.

4.4    **Notice Method:** This notice shall be provided by email to the greatest extent possible, as expressly provided for by Rule 23(e) of the Federal Rules of Civil Procedure. To the extent that an email address is not available for a Settlement Class Member, notice shall be provided by USPS regular mail.

4.5    **Settlement Website:** No later than thirty (30) Days following entry of the Preliminary Approval Order, and prior to the delivery of notice to all Settlement Class Members, the Settlement Administrator will create a dedicated Settlement Website. The Settlement Administrator shall cause the amended complaint, Short-Form Notice, Long-Form Notice, Claim Form, this Settlement Agreement, and other relevant settlement and court documents to be available on the Settlement Website. Any other content proposed to be included or displayed on the Settlement Website shall be approved in advance by counsel for the Parties, which approval shall not be unreasonably withheld. The website address and the fact that a more

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

detailed Long-Form Notice and a Claim Form are available through the website shall be included in the Short-Form Notice.

4.6    **Notice Publication Period:** The Settlement Website shall be maintained from the Notice Date until sixty (60) Days after the Claims Deadline has passed.

4.7    **Affidavit of Compliance:** Prior to the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel to file with the Court, an appropriate affidavit or declaration from the Settlement Administrator concerning compliance with the Court-approved Notice Program.

## V.    OPT-OUT PROCEDURES.

5.1    **Opt-Out Method:** Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated postal address established by the Settlement Administrator. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class, which intent shall be determined by the Settlement Administrator. Written notice must be postmarked by the Claims Deadline to be effective. Settlement Class Members may only opt-out on behalf of themselves; mass or class opt-outs will not be valid.

5.2    **Opt-Out Effect:** All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not appropriately request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

5.3    **Opt-Out Reporting:** Commencing one week from the date Notice commences, the Settlement Administrator will notify Defendant's Counsel and Class Counsel regarding the number of potential Settlement Class Members that have elected to opt-out of the Settlement Class and will continue to provide weekly updates. No later than ten (10) days after the Claims Deadline, the Settlement Administrator shall provide a final report to Class Counsel and Defendant's Counsel that summarizes the number of written notifications of Opt-Outs received to date, and other pertinent information as requested by Class Counsel and Defendant's Counsel.

## VI.    OBJECTIONS TO THE SETTLEMENT.

6.1    **Objection Method:** Any Settlement Class Member who wishes to object to the proposed Settlement Agreement must file with the Court and serve a written objections to the settlement ("Objection(s)") on Class Counsel and Defendant's Counsel, at the addresses set forth herein.

6.2    **Objection Requirements:** Each Objection must (i) set forth the Settlement Class Member's full name, current address, telephone number, and email address; (ii) contain the Settlement Class Member's original signature; (iii) contain proof that the Settlement Class Member is a member of the Settlement Class (e.g., copy of settlement notice, copy of original notice of the Website Usage Disclosure); (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vii) identify all counsel representing the

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

Settlement Class Member, if any; (viii) contain the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation; and (ix) contain a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years.

6.3    **Objection Deadline:** Objections must be made in writing, and filed with the Court as well as served on both Class Counsel and Defendant's Counsel by mail no later than sixty (60) Days after the Notice Date (the "Objection Deadline") to the addresses set forth below:

a.    Class Counsel:

David Almeida, *Esq.*
Almeida Law Group LLC
849 W. Webster Avenue
Chicago, Illinois 60614
Tel: (312) 576-3024

James J. Bilsborrow, *Esq.*
Weitz & Luxenberg P.C.
700 Broadway Avenue
New York, New York 10003

b.    Defendant's Counsel:

David Carney, *Esq.*
Baker & Hostetler LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel: (216) 621-0200

6.4    **Objection Response:** Class Counsel and Defendant's Counsel may, but need not, respond to the Objections, if any, by means of a memorandum of law served prior to the Final Approval Hearing.

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

6.5    **Objector Noncompliance:** Any Settlement Class Member who fails to timely file and serve an Objection and notice, if applicable, shall not be treated as having filed a valid Objection to the Settlement and shall forever be barred from raising any objection to the Settlement.

6.6    **Reciprocity:** Other than attorney-client communications or communications otherwise protected from disclosure pursuant to law or rule, the Parties shall promptly provide to each other copies of Objections, comments, or other documents or filings received from a Settlement Class Member.

## VII.    RELEASE.

7.1    **Effect of Release:** Subject to Court approval, as of the Effective Date, the Final Approval and Final Judgment shall provide that Plaintiffs and all Settlement Class Members are bound by this Settlement Agreement, and that the Litigation, the Released Claims, and all Unknown Claims are dismissed with prejudice.

7.2    **Released Claims:** On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, Plaintiffs and the Settlement Class will be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees and costs, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued and matured or not matured that arise out of, are connected to, and that were or could have been asserted in the Litigation (the

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

"Release"). The Release shall be included as part of the Final Approval Order so that all claims released thereby shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion. The Released Claims shall constitute and may be pled as a complete defense to any proceeding arising from, relating to, or filed in connection with the Released Claims.

7.3    **Unknown Claims:** The Released Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Litigation and that any of the Plaintiffs, Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, trustees, insurers, re-insurers, successors, attorneys, and assigns do not know to exist or suspects to exist, which, if known by him, her or it, might affect his, her, or its agreement to release Defendant and all other Released Persons, or might affect his, her, or its decision to agree to, or object or not to object to the Settlement.

7.4    **Limitations on Recourse:** On the Effective Date, Plaintiffs and each and every Settlement Class Member shall be bound by this Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided hereunder. No other action, demand, suit, arbitration, or other claim or proceeding, regardless of forum, may be pursued against Released Persons with respect to the Released Claims.

7.5    **Injunction from Prosecuting:** On entry of the Final Approval Order and Final Judgment, the Plaintiffs and Settlement Class Members shall be enjoined from prosecuting, respectively, the Released Claims, in any proceeding in any forum against any of the Released Persons or based on any actions taken by any Released

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

Persons authorized or required by this Settlement Agreement or the Court or an appellate court as part of this Settlement.

7.6    **Inclusion of Fees:** Without in any way limiting the scope of the Release, the Release covers, without limitation, any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Litigation, the Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for the Service Award to Plaintiffs.

7.7    **Settlement Agreement Enforcement:** Nothing in the Release shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein. Nor shall the Release be construed to release claims arising out of physical injuries alleged to arise from the treatment Plaintiffs and Settlement Class Members received from Defendant.

VIII.    **ATTORNEYS' FEES, COSTS, AND EXPENSES, AND SERVICE AWARDS.**

8.1    **Attorney's Fees, Costs, and Expenses:** Class Counsel shall request the Court to approve an award of attorneys' fees not to exceed thirty-five percent (35%) of the Net Settlement Fund and for reasonable costs and expenses incurred in prosecuting the litigation. Class Counsel's attorneys' fees, costs and expenses awarded by the Court shall be paid no later than thirty (30) Days after the Effective Date. For the avoidance of doubt, the Court approved amount of any attorneys' fees, costs and expenses shall be paid from the Net Settlement Fund. The Parties did not discuss

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

or agree upon payment of attorney's fees, costs or expenses until after they agreed on all materials terms of relief to the Settlement Class.

8.2    **Service Award:** Class Counsel shall request the Court to approve a service award of Two Thousand Five Hundred Dollars and No Cents ($2,500) for each of the Named Plaintiffs, Carol Kane and Bonnie Wilson, which award is intended to recognize Plaintiffs for their efforts in the litigation and commitment on behalf of the Settlement Class ("Service Award"). If approved by the Court, this Service Award will be paid no later than thirty (30) Days after the Effective Date. For the avoidance of doubt, the Court approved amount for any Service Awards shall be paid from the Net Settlement Fund. The Parties did not discuss or agree upon payment of service awards until after they agreed on all materials terms of relief to the Settlement Class.

8.3    **Application Deadline:** Class Counsel will file applications with the Court for the requested Service Awards and attorneys' fees, costs, and expenses no later than fourteen (14) Days prior to the Objection Deadline.

8.4    **Non-Contingent Provision:** The Parties agree that the Court's approval or denial of any request for the Service Awards or attorneys' fees are not conditions to this Settlement Agreement and are to be considered by the Court separately from final approval, reasonableness, and adequacy of the settlement. Any reduction to the Service Award or award of attorneys' fees, costs, or expenses shall not operate to terminate or cancel this Settlement Agreement. In the event of a reduction in fees, Claimants shall receive a *pro rata* subsequent claims payment as outlined in paragraph 3.7.

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

## IX.    SETTLEMENT APPROVAL PROCESS.

9.1    **Preliminary Approval Order Requirements:** After execution of this Settlement Agreement, Plaintiffs shall timely move the Court to enter the Preliminary Approval Order, which:

a.    Preliminarily approves this Settlement Agreement;

b.    Provisionally certifies the Settlement Class;

c.    Finds the proposed settlement is sufficiently fair, reasonable, adequate, and in the best interests of the Settlement Class;

d.    Finds the Notice Program constitutes valid, due, and sufficient notice to the Settlement Class Members, and constitutes the best notice practicable under the circumstances, complying fully with the requirements of the laws of New York, the Constitution of the United States, and any other applicable law and that no further notice to the Class is required beyond that provided through the Notice Program;

e.    Appoints the Settlement Administrator;

f.    Directs the Settlement Administrator to provide notice to Settlement Class Members in accordance with the Notice Program provided for in this Settlement Agreement;

g.    Approves the Claim Form and directs the Settlement Administrator to administer the Settlement in accordance with the provisions of this Settlement Agreement;

h.    Approves the Objection procedures as outlined in this Settlement Agreement;

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

> i. Schedules a Final Approval Hearing to consider the final approval, reasonableness, and adequacy of the proposed settlement and whether it should be finally approved by the Court and
>
> j. Contains any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement.

9.2 **Preliminary Approval Order:** A copy of the Preliminary Approval Order, as thus far modified by the Parties and the Court, is attached as Exhibit D to this Settlement Agreement.

## X.    FINAL APPROVAL HEARING & ORDER.

10.1 **Final Approval Hearing:** The Parties will recommend that the Final Approval Hearing shall be scheduled no earlier than one hundred and twenty (120) Days after the entry of the Preliminary Approval Order, which date shall be set forth in the Preliminary Approval Order.

10.2 **Responding to Objections:** The Parties may file a response to any objections to the Motion for Final Approval no later than fourteen (14) Days after the Objection Deadline.

10.3 **Objector Attendance:** An objecting Settlement Class Member has the right, but is not required, to attend the Final Approval Hearing. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must, by the Objection Deadline, either mail or hand-deliver to the Court or file a notice of appearance in the Litigation, take all other actions or make any additional submissions as may be required in the Long-Form Notice, this Settlement Agreement, or as otherwise ordered by the Court, and mail that notice

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

and any other such pleadings to Class Counsel and Defendant's Counsel as provided in the Long-Form Notice.

10.4    **Attending Objector Counsel:** If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify the attorney(s) representing the objecting Settlement Class Member who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, state bar(s) to which counsel is admitted, as well as associated state bar numbers.

10.5    **Objector Noncompliance:** An objecting Settlement Class member who fails to appropriately notify of his or her intent to appear at the Final Approval Hearing in person or though counsel pursuant to this Settlement Agreement, or otherwise as ordered by the Court, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

10.6    **Final Approval Order:** The Parties shall ask the Court to enter a Final Approval Order and Judgment which includes the following provisions:

   a.  A finding that the Notice Program fully and accurately informed all Settlement Class Members entitled to notice of the material elements of the settlement, constitutes the best notice practicable under the circumstances, constitutes valid, due, and sufficient notice, and complies fully with the laws of New York, the United States Constitution, and any other applicable law;

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

b.  A finding that after proper notice to the Class, and after sufficient opportunity to object, no timely objections to this Settlement Agreement have been made, or a finding that all timely objections have been considered and denied;

c.  Approval of the settlement, as set forth in the Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Class, in all respects, finding that the settlement is in good faith, and ordering the Parties to perform the Settlement in accordance with the terms of this Settlement Agreement;

d.  A finding that neither the Final Judgment, the settlement, nor the Settlement Agreement shall constitute an admission of liability by any of the Parties, or any liability or wrongdoing whatsoever by any Party;

e.  Subject to the reservation of jurisdiction for matters discussed in subparagraph (h) below, a dismissal with prejudice of the Litigation;

f.  A finding that Plaintiffs shall, as of the entry of the Final Judgment, conclusively be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from the Plaintiffs' Released Claims;

g.  A finding that all Settlement Class Members shall, as of the entry of the Final Judgment, conclusively be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from the Released Class Claims; and

h.  A reservation of exclusive and continuing jurisdiction over the Litigation and the Parties for the purposes of, among other things, (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

Agreement, the Preliminary Approval Order, and the Final Judgment; and (ii) supervising the administration and distribution of the relief to the Settlement Class and resolving any disputes that may arise with regard to the foregoing.

i.  If and when the Settlement becomes Final, the Litigation shall be dismissed with prejudice, with the Parties to bear their own costs and attorneys' fees, costs, and expenses not otherwise awarded in accordance with this Settlement Agreement.

## XI.    TERMINATION OF THIS SETTLEMENT AGREEMENT.

11.1    **Termination Rights:** Each Party shall have the right to terminate this Settlement Agreement if:

a.  The Court denies preliminary approval of this Settlement Agreement (or grants preliminary approval through an order that materially differs in substance to Exhibit D hereto);

b.  The Court denies final approval of this Settlement Agreement (or grants final approval through an order that materially differs in substance from Exhibit D hereto);

c.  The Final Approval Order and Final Judgment do not become final by reason of a higher court reversing final approval by the Court, and the Court thereafter declines to enter a further order or orders approving the settlement on the terms set forth herein or

d.  The Effective Date cannot occur.

11.2    **Termination Notice:** If a Party elects to terminate this Settlement Agreement under this Section XI, that Party must provide written notice to the other Party's counsel,

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

by hand delivery, mail or e-mail within ten (10) Days of the occurrence of the condition permitting termination.

11.3   **Effect of Termination or Settlement Non-Occurrence:** If this Settlement Agreement is terminated or disapproved or if the Effective Date should not occur for any reason, then: (i) this Settlement Agreement, the Preliminary Approval Order, the Final Approval Order (if applicable), and all of their provisions shall be rendered null and void; (ii) all Parties shall be deemed to have reverted to their respective status in the Litigation as of the date and time immediately preceding the execution of this Settlement Agreement; (iii) except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into, or filed; and (iv) no term or draft of this Settlement Agreement nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Approval Order and Final Judgment), will have any effect or be admissible into evidence for any purpose in the Litigation or any other proceeding.

11.4   **Reservation of Rights:** If the Court does not approve the Settlement or the Effective Date cannot occur for any reason, Defendant shall retain all its rights and defenses in the Litigation, without any qualification whatsoever. For example, Defendant shall have the right to object to the maintenance of the Litigation as a

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

class action, to move for summary judgment, and to assert defenses at trial, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Litigation may properly be maintained as a class action, or for any other purpose.

11.5    **Appellate Right:** Nothing shall prevent Plaintiffs or Defendant from appealing or seeking other appropriate relief from an appellate court with respect to any denial by the Court of final approval of the Settlement.

## XII.    MISCELLANEOUS PROVISIONS.

12.1    **Superseding Agreement:** This Settlement Agreement constitutes the entire Settlement Agreement between and among the Parties with respect to the Settlement of the Litigation. This Settlement Agreement supersedes all prior negotiations and Settlement Agreements and may not be modified or amended except by a writing signed by the Parties and their respective counsel. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement.

12.2    **Incorporation of Recitals & Exhibits:** The recitals and exhibits to this Settlement Agreement are integral parts of the Settlement and are expressly incorporated and made a part of this Settlement Agreement.

12.3    **Best Efforts:** In the event that there are any developments in the effectuation and administration of this Settlement Agreement that are not dealt with by the terms of this

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

Settlement Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court. The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Settlement Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Settlement Agreement to give this Settlement Agreement full force and effect.

12.4    **Severability:** In the event that one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect the other provisions of the Settlement Agreement, which shall remain in full force and effect as though the invalid, illegal, or unenforceable provision(s) had never been a part of this Settlement Agreement as long as the benefits of this Settlement Agreement to Defendant or the Settlement Class Members are not materially altered, positively or negatively, as a result of the invalid, illegal, or unenforceable provision(s).

12.5    **Successors & Assigns:** This Settlement Agreement will be binding upon and inure to the benefit of the successors and assigns of the Parties, Released Persons, and Settlement Class Members.

12.6    **Construction Equality:** This Settlement Agreement shall not be construed more strictly against one Party than another merely because it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in this Settlement Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Settlement Agreement. All terms,

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

conditions, and exhibits are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

12.7    **Non-Waiver:** There shall be no waiver of any term or condition in this Settlement Agreement absent an express writing to that effect by the non-waiving Party. No waiver of any term or condition in this Settlement Agreement shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Settlement Agreement.

12.8    **Counterparts:** This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it and all of which shall be deemed a single Settlement Agreement.

12.9    **Independent Judgment:** Each Party to this Settlement Agreement and the signatories thereto warrant that he, she, or it is acting upon his, her or its independent judgment and the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

12.10   **Authority:** Each signatory below warrants that she, he or it has the requisite authority to execute this Settlement Agreement and bind the Party on whose behalf she, he or it is executing the Settlement Agreement.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

Doc ID: 55329853c193f526b71a2018c161416efcf7fcb0

**IN WITNESS WHEREOF**, the Parties have hereby accepted and agreed to the Settlement

Agreement.

Dated: April __8__, 2025

Dated: April __8__, 2025

*Defendant University of Rochester*

*Plaintiffs Carol Kane and Bonnie Wilson*

By: David A. Carney, *Esq.*
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel: (216) 621-0200
dcarney@bakerlaw.com

By: David S. Almeida, *Esq.*
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
Tel: (312) 576-3024
david@almeidalawgroup.com

**Counsel for Defendant University of
Rochester & Duly Authorized Signatory**

*James Bilsborrow*

By: James J. Bilsborrow, *Esq.*
**WEITZ & LUXENBERG P.C.**
700 Broadway Avenue
New York, New York 10003
Tel: (212) 558-5500
jbilsborrow@weitzlux.com

**Counsel for Plaintiffs Carol Kane and Bonnie
Wilson & Duly Authorized Signatory**

34