IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL KANE and BONNIE WILSON, *on behalf of themselves and all others similarly situated*,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNIVERSITY OF ROCHESTER,<br><br>        Defendant. | Case No. 6:23-cv-06027 |

**PRELIMINARY APPROVAL ORDER**

    Plaintiffs Carol Kane and Bonnie Wilson ("Plaintiffs"), on behalf of themselves and the Settlement Class Members,[1] and Defendant University of Rochester ("the University"), by their respective counsel, have submitted a Revised Settlement Agreement to the Court, ECF No. 44, and Plaintiffs have moved under Federal Rule of Civil Procedure 23(e) for an order: (1) preliminarily certifying the Settlement Class for purposes of settlement, and appointing Plaintiffs as class representatives and their counsel as Class Counsel; (2) preliminarily approving the Settlement; (3) approving the Notice Program; (4) appointing Simpluris as Settlement Administrator and directing it to commence the Notice Program; and (5) scheduling a Final Approval hearing to consider final approval of the Settlement and any application for attorneys' fees, expenses, and a Service Award. The Court has considered the terms of the Settlement, the exhibits to the Settlement Agreement, the Revised Settlement Agreement, the record of proceedings, including the preliminary approval hearing held before the undersigned on March 28,

---

[1] Unless otherwise indicated, capitalized terms refer to and have the same meaning as set forth in the Revised Settlement Agreement, which located at ECF No. 44.

2025, and all papers and arguments in support, and now finds that the motion should be, and hereby is, **GRANTED**.

### ACCORDINGLY, THE COURT FINDS AND ORDERS:

1. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over Plaintiffs and Defendant (the "Parties") for purposes of this Settlement.

### SUMMARY OF THE LITIGATION AND SETTLEMENT

2. On January 11, 2023, representative plaintiff Carol Kane commenced a class action lawsuit by filing a complaint in the United States District Court for the Western District Court of New York alleging that her personal health information was collected and shared with Facebook through the University's implementation of the Facebook Pixel on its Web Properties (ECF No. 1).

3. On March 24, 2023, the University moved to dismiss the complaint in its entirety for failure to state a claim (ECF No. 6).

4. On April 21, 2023, Plaintiff Kane, along with newly added named Plaintiff Bonnie Wilson, filed an amended class action complaint in the United States District Court for the Western District Court of New York asserting twelve causes of action (ECF No. 8). The amended complaint asserted four claims under federal law: (1) violation of the Electronic Communications Privacy Act for an Unauthorized Interception, Use, and Disclosure; (2) violation of the Electronic Communications Privacy Act for the Unauthorized Divulgence by an Electronic Communications Service; (3) violation of the Stored Communications Act; and (4) violation of the Computer Fraud and Abuse Act; and eight claims under state law: (1) invasion of privacy; (2) breach of express contract; (3) breach of fiduciary duty; (4) unjust enrichment; (5) breach of implied contract;

(6) breach of confidence; (7) bailment; and (8) violation of the New York Deceptive Trade Practices Act.

5.  On May 12, 2023, the University moved to dismiss Plaintiffs' amended complaint in its entirety for failure to state a claim (ECF No. 11). On June 3, 2023, Plaintiffs filed their memorandum in opposition to the University's motion to dismiss (ECF No. 14). On June 16, 2023, the University filed its reply (ECF No. 16).

6.  Between July 2023 and March 2024, the Parties filed numerous notices of supplemental authority and responses with respect to their briefs (ECF Nos. 17-18 & 21-23).

7.  On March 19, 2024, the Court granted in part and denied in part the University's Motion to Dismiss. The Court dismissed seven claims with leave to amend: (1) invasion of privacy; (2) breach of fiduciary duty; (3) breach of implied contract; (4) breach of confidence; (5) violation of the Electronic Communications Privacy Act for the Unauthorized Divulgence by an Electronic Communications Service; (6) violation of the Stored Communication Act; and (7) violation of the Computer Fraud and Abuse Act. The Court denied the motion with respect to five claims: (1) breach of express contract; (2) unjust enrichment; (3) bailment; (4) violation of the New York Deceptive Trade Practices Act; and (5) violation of the Electronic Communications Privacy Act for an Unauthorized Interception, Use, and Disclosure (ECF No. 24).

8.  On June 20, 2024, the Parties filed a stipulation-selection of mediator with the Court (ECF No. 32).

9.  On July 25, 2024, the Parties engaged in a full day mediation before Bruce A. Friedman, *Esq.* The mediation resulted in a settlement in principle and a settlement term sheet.

10. The Settlement provides, *inter alia*, that as consideration for the release from Settlement Class Members, the University will pay $2,850,000 into a non-reversionary Settlement

Fund. After the cost of Claims Administration, attorneys' fees, litigation expenses, and Service Awards are deducted from the Settlement Fund, Settlement Class Members who file valid Claims will receive a *pro rata* cash payment.

11.     The Settlement also provides for Notice to be distributed through email and U.S. Mail directly sent to Settlement Class Members. Settlement Class Members may file a claim online through the Settlement Website that shall be established by the Settlement Administrator.

## PRELIMINARY APPROVAL

12.     Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. In general, the approval process involves three stages: (1) notice of the settlement to the class after "preliminary approval" by the Court, (2) an opportunity for class members to opt out of, or object to, the proposed settlement; and (3) a subsequent hearing at which the Court grants "final approval" upon finding that the settlement is "fair, reasonable, and adequate," after which judgment is entered, class members receive the benefit of the settlement, and the settling defendants obtain a release from liability. Fed. R. Civ. P. 23(e)(1)–(2), (4)–(5).

13.     In deciding whether to grant "preliminary approval" of a proposed settlement, the Court evaluates two issues: (1) whether "the court will likely be able to" grant final approval to the settlement as a "fair, reasonable, and adequate" compromise, such that it makes sense to give notice to the proposed class members; and (2) whether "the court will likely be able to" certify the classes for purposes of entering judgment on the settlement. Fed. R. Civ. P. 23(e)(1)(B).

**I.      The Court will "likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate."**

14.     This Circuit has recognized a "strong judicial policy in favor of settlements, particularly in the class action context." *Berni v. Barilla S.p.A.*, 964 F.3d 141, 146 (2d Cir. 2020).

15. While the presumption of fairness for settlements negotiated at arms-length no longer applies, *see Moses v. New York Times Co.*, 9 F.4th 235, 243 (2d Cir. 2023) (discussing the 2018 revisions to Fed. R. Civ. P. 23), the Court may nonetheless consider (and has considered) the arms-length negotiation of this proposed settlement before a neutral mediator as one of several factors favoring approval of this proposed settlement, *id*. (noting that "arms-length … negotiations remain a factor in favor of approving settlement").

16. Under Federal Rule of Civil Procedure 23(e)(2), as amended in December 2018, in considering whether a proposed settlement is "fair, reasonable, and adequate," the Court considers whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

17. Under this standard, the Court finds that it will "likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate," such that the Settlement, its terms and conditions, including the release, warrants preliminary approval and dissemination of Notice to the Settlement Class so that Settlement Class Members may express any objections to the Settlement or decide whether to opt out of the Settlement or participate in it. The Settlement appears at this preliminary stage to be procedurally fair, reasonable, and adequate in that Plaintiffs and Class Counsel have adequately represented the Settlement Class in litigating the merits of the dispute and in obtaining a Settlement of significant value through arms-length negotiations between and among sophisticated counsel and under the auspices of an experienced mediator. Fed. R. Civ. P. 23(e)(2)(A) & (B).

18. Likewise, the Settlement appears at this preliminary approval stage to be substantively fair, reasonable, and adequate in that the relief provided is not insubstantial, particularly when taking into account the costs, risks, and delays of trial. Fed. R. Civ. P. 23(e)(2)(C). Here, Plaintiffs sought damages for the compromise of their private health information. The resolution proposed here provides Settlement Class Members with *pro rata* cash payments from the Net Settlement Fund. This is a reasonable resolution given the uncertainty of continued, protracted litigation.

19. The proposed method of distributing relief to the Settlement Class Members is relatively streamlined, requiring submission of a Claim Form that will permit the Settlement Administrator to ensure that the Claim is valid. Settlement Class Members may submit the Claim Form electronically through the Settlement Website, or they may submit a paper form if they prefer. Fed. R. Civ. P. 23(e)(2)(C).

20. Attorneys' fees and case expenses will be paid only after Final Approval and only by approval of the Court, which will consider any request for fees in conjunction with Final Approval. Fed. R. Civ. P. 23(e)(2)(C). The Parties have represented that there are no side agreements to be identified under Fed. R. Civ. P. 23(e)(3).

21. Finally, the proposal treats Settlement Class Member equitably relative to one another. Each eligible Settlement Class Member will receive a *pro rata* cash payment after filing a valid Claim. Fed. R. Civ. P. 23(e)(2)(D).

## II. The Court will "likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement.

22. Additionally, for these reasons, and for the reasons (1) stated on the record during the March 28, 2025, preliminary hearing before the undersigned, and (2) stated in the motion for preliminary approval, specifically its memorandum of law, the Court finds that the *Grinnell* factors this Circuit traditionally uses to evaluate class action settlements likewise favor preliminary approval. *See Moses*, 79 F.4th at 243 ("[T]he revised Rule 23(e)(2) does not displace our traditional *Grinnell* factors, which remain a useful framework for considering the substantive fairness of a settlement."); *see also Hyland v. Navient Corp.*, 48 F.4th 110, 121 (2d Cir. 2022) (providing the *Grinnell* factors) quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974))).

23. In considering whether the Court will "likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement, the Court must determine whether the Settlement Class likely meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy) and any one of the subsections of Federal Rule of Civil Procedure 23(b), here subsection (b)(3).

24. The Court finds, for settlement purposes only, that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a)(1)–(4) & 23(b)(3), and that it will likely be able to certify

the proposed Settlement Class, which is defined as: (i) all individuals who accessed or otherwise used URMC's MyChart patient portal between January 11, 2021 and January 11, 2023; and (ii) all individuals who filled out forms on URMC's public website between January 1, 2018, and June 12, 2023.[2] The Settlement Class consists of 699,406 individuals. The Settlement Class specifically excludes: (a) officers and directors of Defendant, its agents, affiliates, subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest; (b) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (c) the Judge and Magistrate Judge, including their staff and immediate members of their families, assigned to evaluate the fairness of this settlement; and (d) Class Counsel.

25. Additionally, the Court finds, for purposes of settlement only, that the Settlement is ascertainable because it is defined by objective criteria, *In re Petrobas Secs. Litig.*, 862 F.3d 250, 257 (2d Cir. 2017), and that it will likely be able to appoint Plaintiffs' Counsel as Class Counsel under Federal Rule of Civil Procedure 23(g).

26. The Settlement Class, if certified in connection with Final Approval, shall be for settlement purposes only and without prejudice to the Parties in the event Settlement is not finally approved by this Court or otherwise does not take effect.

27. Accordingly, for settlement purposes only, the Court appoints the following Plaintiffs as Class Representatives for the Settlement Class: Carol Kane and Bonnie Wilson.

28. The Court appoints, for settlement purposes only, David S. Almeida and James J. Bilsborrow as Class Counsel under Federal Rule of Civil Procedure 23(g)(3). Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which

---

[2] Counsel for the University represented that although no trackers were incorporated in the portal, the class definition nevertheless includes those who used the MyChart patient portal for the specified period.

8

may be given pursuant to, the Settlement or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Revised Settlement Agreement.

29. Having found that (1) "the court will likely be able to" grant final approval to the settlement as a "fair, reasonable, and adequate" compromise, so that it makes sense to give notice to the proposed class members; and (2) "the court will likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement, the Court hereby **GRANTS** preliminary approval to the Settlement.

## NOTICE TO THE SETTLEMENT CLASS

30. Upon granting preliminary approval under Federal Rule of Civil Procedure 23(c)(2), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B).

31. The notice must clearly and concisely state in plain, easily understood language:

    (i)    the nature of the action;

    (ii)    the definition of the class certified;

    (iii)    the class claims, issues, or defenses;

    (iv)    that a class member may enter an appearance through an attorney if the member so desires;

    (v)    that the court will exclude from the class any members who request exclusion;

    (vi)    the time and manner for requesting exclusion; and

    (vii)    the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

32. "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704, 720 (2d Cir. 2023) (quoting *Wal-Mart Stores, Inc. v. Visa, Inc.*, 396 F.3d 96, 114 (2d Cir. 2005)).

33. The Court finds that the Notice Program, including the Short Form Notice that will be sent to Settlement Class Members electronically or, if the Settlement Administrator lacks a valid email, by U.S. Mail; the Long Form Notice, which will be available to all Settlement Class Members via the Settlement Website; and the particulars of the Notice Program described in the Revised Settlement Agreement satisfy these requirements and Due Process and constitute "the best notice that is practicable under the circumstances." The Court appoints Simpluris as Settlement Administrator and directs that the Notice Program be implemented as set forth in the Settlement.

**PROCEDURES FOR REQUESTING EXCLUSION FROM OR OBJECTING TO THE SETTLEMENT**

34. A Settlement Class Member may request exclusion from the Settlement at any time prior to the Claims Deadline as set forth in this Order, provided that the opt-out notice is sent to the Settlement Administrator in accordance with the procedures set forth in the Revised Settlement Agreement. Any Settlement Class Member who elects to opt out of the Settlement shall not be entitled to receive any benefits conferred by the Settlement. Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of the Settlement, including the Release.

35. Objections to the Settlement, to the application for attorneys' fees, expenses, and/or to the Service Award must be served on the Parties and the Court in accordance with the Settlement. Class Counsel and/or the University may conduct limited discovery on any objector or objector's counsel consistent with the Federal Rules of Civil Procedure.

36. Except for Settlement Class Members who have timely asserted an objection to the Settlement, all Settlement Class Members shall be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement upon final approval.

**MOTION FOR FINAL APPROVAL, FEES, EXPENSES, AND SERVICE AWARD**

37. Plaintiffs shall file their Motion for Final Approval of the Settlement, as well as Class Counsel's application for attorneys' fees, expenses, and for a Service Award, no later than fourteen days after the Objection Deadline. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and on Class Counsel's application for attorneys' fees, expenses, and for a Service Award.

**FINAL APPROVAL HEARING**

38. The Court will conduct a Final Approval Hearing on August 21, 2025, at 1 p.m. in Courtroom 5 of the United States District Court for the Western District of New York, 100 State Street, Rochester, New York 14614. Counsel for the parties may appear by videoconference or in-person. A Zoom link will be distributed to the parties and made available on the public docket should any other persons wish to attend virtually. Any person attending the final approval hearing are admonished that federal law prohibits recording of federal court proceedings. The hearing is set to assist the Court in determining whether to grant Final Approval to the Settlement, enter a Final Approval Order and Judgment, and grant any motions for fees, expenses, and for a Service Award.

## OTHER PROVISIONS

39. Class Counsel and counsel for Defendant are authorized to take, without further approval of the Court, all necessary and appropriate steps to implement the Settlement according to its terms, including implementing the Notice Program.

40. Pending determination whether the Revised Settlement Agreement should be granted Final Approval, further proceedings against Defendant are stayed in this Action, other than proceedings necessary to carry out or enforce the terms of the Settlement.

41. Defendant shall serve the appropriate government officials with the notice required by 28 U.S.C. § 1715 within the time provided by statute.

42. Without further orders of the Court, the Parties may agree to make non-material modifications to the Revised Settlement Agreement (including the exhibits thereto) in implementing the Settlement that are consistent with this Preliminary Approval Order, including making minor changes to the Revised Settlement Agreement, to the form or content of the Short Form and Long Form Notice, or to any other exhibits that the Parties jointly agree in writing are reasonable or necessary.

43. The Court shall retain jurisdiction over the Revised Settlement Agreement and shall consider all further matters arising out of or connected with the Settlement.

## SCHEDULE OF DEADLINES

44. The Court sets the following deadlines:

| Event | Date |
| --- | --- |
| Deadline for Defendant to pay $200,000 in cash into the Settlement Fund to cover Cost of Claims Administration incurred prior to Final Approval | 10 days from the date of this Order |
| Deadline for Defendant to provide the Settlement Administrator with names, last | 15 days from the date of this Order |

| | |
|---|---|
| known email addresses and/or last known home addresses for Settlement Class Members | |
| Deadline for Settlement Administrator to commence the Notice Program | 30 days from the date of this Order |
| Claims Deadline | 60 days after the Notice Date |
| Opt Out Date | 60 days after the Notice Date |
| Objection Date | 60 days after the Notice Date |
| Deadline for filing a Motion for Final Approval, and any petition for an award of attorneys' fees, expenses, and Service Awards | 14 days after the Objection Date |
| Final Approval Hearing | August 21, 2025, at 1 p.m. (at least 120 days from the date of this Order) |

**IT IS SO ORDERED.**

Dated:   April 10, 2025
         Rochester, NY

_____
MARK W. PEDERSEN
United States Magistrate Judge