**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAROL KANE and BONNIE WILSON, *on behalf of themselves and all others similarly situated*, Plaintiffs, v. UNIVERSITY OF ROCHESTER, Defendant. | **FINAL APPROVAL ORDER** Case No. 6:23-cv-6027-MJP |

**Pedersen, M.J.** Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Award of Service Awards, Attorneys' Fees, and Costs filed by Carol Kane and Bonnie Wilson ("Motion for Final Approval, Fees, and Service Awards"), which seeks approval of (i) the Settlement as fair, reasonable, and adequate and (ii) Service Awards of $2,500 each to the two Plaintiffs ($5,000 total), attorneys' fees of $950,000, and reimbursement of litigation expenses of $19,694.04.[1] Having reviewed and considered the Settlement Agreement and Motion for Final Approval, Fees, and Service Awards, and having conducted a Final Approval Hearing, the Court makes the following findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth herein.

Plaintiffs and Defendant University of Rochester ("Defendant" or the "University"), by their respective counsel, have entered into a Revised Settlement Agreement ("Settlement Agreement") (ECF No. 44), subject to final approval by this Court. The Settlement Agreement sets forth the terms and conditions of a proposed Settlement that, *inter alia*, resolves certain claims on behalf of the proposed Settlement

[1] Capitalized terms used in this Order and otherwise not defined shall have the meaning assigned to such terms by the Settlement Agreement.

Class and dismisses claims raised in the Litigation against the University with prejudice.

By Order dated April 10, 2025 (the "Preliminary Approval Order"), this Court: (i) preliminarily certified the Settlement Class for purposes of settlement and appointed Plaintiffs as class representatives and their counsel as Class Counsel; (ii) preliminarily approved the Settlement; (iii) approved the Notice Program, finding it satisfied due process and the requirements of Fed. R. Civ. P. 23; (iv) appointed Simpluris as Settlement Administrator and directed it to commence the Notice Program; (v) advised Settlement Class Members of the opportunity to object to the proposed Settlement; (vi) provided Settlement Class Members with the opportunity to exclude themselves from the proposed Settlement Class; and (vii) scheduled a Final Approval hearing to consider final approval of the Settlement and any application for attorneys' fees, expenses, and a Service Award. *See* ECF No. 45.

On August 4, 2025, Plaintiffs submitted their Unopposed Motion for Final Approval, Fees, and Service Awards. Only one Settlement Class Member objected to the Settlement, and twelve Settlement Class Members validly requested to be excluded from the Settlement Class.

On August 21, 2025, the Court conducted a Final Approval Hearing to consider, *inter alia*, whether: (i) the terms and conditions of the Settlement are fair, reasonable, and adequate, as required by Fed. R. Civ. P. 23(e), and therefore merit approval by the Court; (ii) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (iii) final judgment should be entered dismissing the Litigation against the University with prejudice; and (iv) Plaintiffs' request for approval of the award of Service Award, attorneys' fees, and costs should be granted. The Court has reviewed and carefully considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written submissions, and the record in the Litigation, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. **Jurisdiction**: The Court has personal jurisdiction over all Plaintiffs, the Settlement Class, and the University for purposes of the Settlement. The Court has subject matter jurisdiction over the claims asserted in this Litigation, and venue in the Western District of New York is proper.

2. **Incorporation of Settlement Documents**: The Court expressly incorporates in this Final Approval Order and makes a part hereof the Settlement Agreement and Exhibits. The Court does this for the purpose of satisfying the requirements of *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 380-82 (1994), concerning the obligation of a court entering a settlement agreement to speak clearly when it wishes to retain jurisdiction.

**FINAL APPROVAL OF THE CLASS SETTLEMENT**

3. The Court hereby grants final approval to the Settlement Agreement, finding the Settlement Agreement in its entirety to be fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e). The Settlement Agreement provides significant benefits to the Settlement Class and avoids continued, protracted litigation between the Parties.

4. In determining that the Settlement is fair, reasonable, and adequate, and that it merits approval, the Court has assessed the considerations set forth in Fed. R. Civ. P. 23(e)(2) as well as the factors set forth by the Second Circuit Court of Appeals in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).

5. The Court finds that Plaintiffs and Settlement Class Counsel have adequately represented the Settlement Class. *See* Fed. R. Civ. P. 23(e)(2)(A). First,

there are no conflicting interests that exist between Plaintiffs and the Settlement Class. The record also demonstrates that Plaintiffs actively participated in the Litigation and at all times acted in the best interests of the Settlement Class. Second, Settlement Class Counsel have diligently litigated this case on behalf of the Class and achieved a substantial resolution from the University.

6. The Court finds that the Settlement was negotiated at arm's length between and among sophisticated counsel and was overseen by an experienced mediator, Bruce A. Friedman, *Esq*. of JAMS, which demonstrates that the negotiated resolution was procedurally fair. *See* Fed. R. Civ. P. 23(e)(2)(B).

7. The Court finds that the relief provided for the Settlement Class is adequate, taking into account the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the Settlement Class; the terms of any proposed award of attorneys' fees, including the timing of payment; and the existence of any agreements required to be identified under Fed. R. Civ. P. 23(e)(3). *See* Fed. R. Civ. P. 23(e)(2)(C).

8. As set forth in more detail below, the Court finds that the terms of Plaintiffs' application for attorneys' fees, including the timing of payment, weigh in favor of the Settlement's fairness.

9. The Parties have complied with Fed. R. Civ. P. 23(e)(3) by representing that there are no side agreements that must be disclosed.

10. The Court finds that the Settlement treats Settlement Class members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(D). Each Settlement

Class member is eligible to seek the same Settlement benefits, which are themselves fair, adequate, and reasonable.

11. Finally, the reaction of the Settlement Class has been overwhelmingly positive, which weighs strongly in favor of the Settlement's fairness. The Settlement drew only one objection from Settlement Class Members and only twelve opt outs in a class of more than 650,000 individuals. This, in turn, further demonstrates that the Settlement is fair, reasonable, and adequate. *See, e.g.*, *Davis v. Eastman Kodak Co.*, 2010 WL 11558014, at *12 (W.D.N.Y. Sept. 3, 2010) (in case with eleven objections, "find[ing] that the reaction of the Class (as defined by the Settlement Agreement) has been overwhelmingly positive and [that] this weighs in favor of Settlement approval").

**CERTIFICATION OF THE SETTLEMENT CLASSES**

12. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court grants final certification to the Settlement Class, which is defined as follows:

> (1) all individuals who accessed or otherwise used URMC's MyChart patient portal between January 11, 2021, and January 11, 2023; and (2) all individuals who filled out forms on URMC's public website between January 1, 2018, and June 12, 2023.

13. The Court finds, for settlement purposes only, that the Settlement Class meets the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3)—namely, (i) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (ii) the Settlement Class shares common questions of law and fact; (iii) Plaintiffs' claims are typical of those of the Settlement Class Members; (iv) Plaintiffs and Plaintiffs' counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (v) questions

of law and fact common to the Settlement Class predominate over questions affecting only individual Settlement Class Members, and certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy. The Settlement Class, which will be bound by this Final Approval Order, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

14. **Requests to Opt Out of the Settlement**: The Settlement Administrator received twelve valid opt-out requests. The opt-out requests are set forth at Exhibit F to the Declaration of the Settlement Administrator.

15. **Settlement and CAFA Notice**: The Court finds that the Notice and Notice Program satisfied the applicable requirements of Fed. R. Civ. P. 23(c)(2)(B) and 23(e) and fully comply with all laws and the Due Process Clause of the United States Constitution, constituting the best notice that was practicable under the circumstances of this case. Among other things, the Notice advised Settlement Class members of the opportunity to object to the proposed Settlement or to opt out of the Settlement Class. Further, the Court finds that the Parties and Settlement Administrator complied with and otherwise discharged their obligations under the Class Action Fairness Act, 28 U.S.C. § 1715(b).

**ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS**

16. Class Counsel has requested an attorneys' fee award of one-third of the Settlement Fund, or $950,000, as well as reimbursement of expenses incurred in connection with this Litigation of $19,694.04. Only one Settlement Class Member objected to Plaintiffs' application for attorneys' fees, and no Settlement Class Member

objected to reimbursement of expenses.

17. **Reasonableness of the Attorneys' Fee Request**: In common fund settlements, such as this one, courts in this Circuit typically apply the percentage-of-the-fund method to assess an attorneys' fee request. *See, e.g.*, *Goldberger*, 209 F.3d at 50.

18. The Court finds it is appropriate to apply the percentage-of-the-fund method here. To determine whether the request for one-third of the Settlement Fund is reasonable, the Court considers the guidelines set forth by the Second Circuit in *Goldberger*: (i) the time and labor expended by counsel, (ii) the magnitude of the litigation, (iii) the risk of the litigation, (iv) the quality of the representation, (v) the requested fee in relation to the settlement, and (vi) public policy considerations. *Id.* at 57 (noting that the Court has "very broad discretion . . . in determining a reasonable fee"). Upon applying the *Goldberger* factors, the Court finds that a fee of one-third of the Settlement Fund, or $950,000, is reasonable.

a. **Magnitude and Complexity of the Litigation**: The Court finds that the magnitude and complexity of the Litigation weigh in favor of approval. The Litigation was complex, presenting novel factual and legal issues whose outcome was uncertain at the outset.

b. **Risks of the Litigation**: The Court finds that the risks of the Litigation weigh in favor of approval. The legal viability of Plaintiffs' claims was uncertain and heavily and always contested by the University.

c. **Quality of Representation**: The Court finds that the quality of representation weighs in favor of approval. Settlement Class Counsel has

delivered significant benefits to the Settlement Class, and the Court finds that Settlement Class Counsel delivered high-quality representation to Plaintiffs, the putative class, and the Settlement Class.

d. **Requested Fee in Relation to the Settlement**: The Court finds that a one-third fee award compares favorably with fees awarded to class counsel in the Second Circuit, especially considering the results delivered to the Settlement Class. For example, courts in this district and throughout the Second Circuit have regularly found an award of one third of a common fund to be fair and within the range of reasonableness. *See, e.g.*, *Fero v. Excellus Health Plan, Inc.*, 2022 WL 1292133, at *3 (W.D.N.Y. Apr. 29, 2022) (awarding attorneys' fees equal to one-third of total settlement value). The requested fee falls within the range of reasonableness and compares favorably to fee awards in complex class action litigation within this Circuit.

e. **Public Policy Considerations**: The requested fee furthers the policy goal of "providing lawyers with sufficient incentive to bring common fund cases that serve the public interest." *Goldberger*, 209 F.3d at 51.

f. **Time and Labor Expended by Counsel and Lodestar Cross-Check**: The Court finds that consideration of the time and labor expended by counsel, as well as a lodestar cross-check, demonstrate that the requested fee is reasonable. As of the date of their Motion, Class Counsel and associated counsel had expended a total of 734 hours, for a lodestar of $511,266.50. Settlement Class Counsel anticipated spending additional time preparing for additional conferences with the Court, the Final Approval Hearing, and

ensuring that Settlement benefits are properly distributed to Settlement Class Members. The time and labor expended by counsel are appropriate and were warranted in this complex Litigation. Application of a lodestar cross-check confirms the Court's finding.[2] To obtain their requested fee, Settlement Class Counsel seek a lodestar multiplier of 1.85 which falls at the low end of the range of multipliers typically awarded in this Circuit. *See, e.g.*, *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172, 185 (W.D.N.Y. 2011) (multiplier of 5.3 was "not atypical" in similar cases); *NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.*, 2016 WL 3369534, at *1 (S.D.N.Y. May 2, 2016) (3.9 multiplier reasonable). Accordingly, application of a lodestar cross-check confirms that the fee requested by Settlement Class Counsel is reasonable.

19. **<u>Reasonableness of the Cost Reimbursement Request</u>**: "Courts typically allow counsel to recover their reasonable out-of-pocket expenses." *Acevedo v. Workfit Medical LLC*, 187 F. Supp. 3d 370, 383 (W.D.N.Y. 2016). The cost reimbursement requested by Class Counsel—$19,694.04—reflects expenses typically billed by attorneys to paying clients in the marketplace and includes expenses associated with investigation of the Litigation as well as expenses related to procuring the services of a well-qualified mediator, among others. The Court finds that the expenses incurred in the Litigation are reasonable, **with the caveat that**, as stated

---

[2] Because the Court is using a lodestar cross-check, "the hours documented by counsel need not be exhaustively scrutinized," but rather "the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case (as well as encouraged by the strictures of Rule 11)." *Goldberger*, 209 F.3d at 50. Accordingly, the Court does not need to, and elects not to, engage in a line-by-line analysis of the total hours reported by Settlement Class Counsel, which are consistent with what the Court would expect in a case of similar complexity.

during the fairness hearing, counsel approach Simpluris for a discount considering the errors in the notices sent to the putative class (postcards with the wrong date for the final fairness hearing and electronic notices with some non-working links), and report to the Court by August 29, 2025.

20. **Approval of Attorneys' Fees and Costs**: The Court overrules the objection as to attorneys' fees and awards Plaintiffs' counsel (i) $950,0000 in attorneys' fees and (ii) $19,694.04 in litigation expenses, with the caveat of a potential discount as discussed in paragraph 19. Pursuant to the Settlement Agreement, the fees and expenses shall be paid from the Settlement Fund.

21. **Approval of Service Awards**: Plaintiff service awards "are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by plaintiffs." *Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91, 101 (E.D.N.Y. 2015) (internal quotation marks omitted). The Court finds that the Class Representative Plaintiffs have devoted time and effort to this Litigation and have been active participants from the pre-suit investigation to the settlement process. The result obtained for the Settlement Class would not have been possible without the active participation of these Plaintiffs. The Court awards $2,500 to each of the Class Representative Plaintiffs for their commendable work on achieving this Settlement. *See, e.g.*, *Acevedo*, 187 F. Supp. 3d at 384 (internal quotation omitted) (granting service awards of $15,000 per plaintiff).

## RELEASE, DISMISSAL, AND ENTRY OF FINAL JUDGMENT AS TO THE SETTLING DEFENDANTS

22. **Release, Covenant Not to Sue, and Permanent Injunction**: The Court finds that the Release set forth in the Settlement Agreement is valid and enforceable. The Release is provided pursuant to New York law and shall be construed under New York law. The Release is effective and is binding upon Plaintiffs and the Settlement Class as to the University and the Released Persons as of the Effective Date.

23. Pursuant to Section 7 of the Settlement Agreement, the Court permanently bars and enjoins the Plaintiffs and Settlement Class from prosecuting, respectively, the Released Claims, in any proceeding in any forum against any of the Released Persons or based on any actions taken by any Released Persons authorized or required by this Settlement Agreement or the Court or an appellate court as part of this Settlement.

24. The Court finds that Plaintiffs and Settlement Class Members (that have not opted out of the Settlement) have expressly, intentionally, fully, finally, and forever released, waived, compromised, settled, and discharged all Released Claims. Plaintiffs and the Settlement Class (other than those who have opted out of the Settlement) shall be bound by the terms and provisions of the Settlement Agreement and this Order, including the Release and Covenant Not to Sue

provisions set forth in the Settlement Agreement, which are hereby incorporated by reference and become part of this Order.

25. The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against the University involving

Released Claims(s), and shall also be binding on Plaintiffs and the Settlement Class and their respective successors and assigns, regardless of whether they previously initiated or subsequently initiate individual litigation or other proceedings involving the Released Claims.

26. **Dismissals**: In consideration of the benefits provided under the Settlement Agreement, all Released Claims by or on behalf of the Settlement Class, Plaintiffs, or any and all Settlement Class Members against any and all Released Persons, are hereby dismissed with prejudice, including, but not necessarily limited to, all claims in the Amended Complaint asserted against the University. These claims are dismissed without further cost, including claims for interest, penalties, costs, and attorneys' fees (except as otherwise provided for in the Settlement Agreement).

27. **Retention of Jurisdiction**: Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction (i) over the Settlement Fund; (ii) over the Parties, the Settlement Class Members, and the Settlement Agreement, to interpret, implement, administer and enforce the Settlement Agreement in accordance with its terms; (iii) for all matters relating to the Settlement Agreement and the Litigation pending before the Court; (iv) to administer and enforce the terms of this Order; and (v) for any other necessary purpose.

28. **Termination of the Settlement**: If the Settlement is terminated as provided in the Agreement, or the Effective Date otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be

without prejudice to the rights of Plaintiffs, Settlement Class Members, and the University, and the Plaintiffs, the University, and Settlement Class Members shall revert to their respective pre-Settlement positions in the Litigation. In such event, the Parties shall be free to raise all claims, defenses, and arguments that they could have raised had they never negotiated, agreed to, or sought approval of the Settlement.

29. Neither the Settlement Agreement, nor its exhibits, whether or not it shall become final, nor any negotiations, documents exchanged among Class Counsel and the University in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (i) any violation of any statute or law or of any liability or wrongdoing by the University or any Released Person; (ii) the truth of any of the claims or allegations alleged in the Litigation; (iii) the incurrence of any damage, loss, or injury by any person; or (iv) the propriety of certification of a class other than solely for purposes of the Settlement. Further, the Settlement negotiations, including any documents exchanged among Class Counsel and the University and any discussions associated with them, may not be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Litigation or in any other action or proceeding of any nature, by any person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Litigation) in which the Settlement Agreement is asserted as a defense.

30. Should any remaining amount of the Net Settlement Fund be economically

not distributable, the Parties shall petition the Court for permission to distribute the remaining funds to an approved non-profit recipient, providing the Court with details of the proposed non-profit recipient.

31. **Entry of Final Judgment**: The Court finds that there is no just reason for delay in the entry of final judgment and the Clerk of Court is expressly directed to enter final judgment pursuant to Fed. R. Civ. P. 54(b).

**SO ORDERED.**

This 21st day of August 2025
Rochester, New York

Hon. Mark W. Pedersen
United States Magistrate Judge