**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**Carol Kane and Bonnie Wilson,**
*on behalf of themselves and all others similarly situated*,

Plaintiffs,

v.

**University of Rochester,**

Defendant.

**ORDER and OPINION**

23-cv-6027-MJP

**Pedersen, M.J.** Defendant University of Rochester moves to enjoin a later action, filed by Mintclaim Partners LP, as barred by this class action's settlement. (Mot. to Enjoin, ECF No. 69, Sept. 24, 2025.) Mintclaim's action is pending before the Honorable Meredith A. Vacca, District Judge, as *Mintclaim Partners LP v. The University of Rochester Medical Center*, No. 25-cv-6558. The parties and Mintclaim have consented to the undersigned's deciding the University's injunction motion in accordance with 28 U.S.C. § 636(c). (*See* Consent to Jurisdiction by U.S. Magistrate Judge, ECF No. 40, Mar. 24, 2025; Consent to Refer Dispositive Mot. to Magistrate Hon. Mark W. Pedersen, ECF No. 87, May 14, 2026.) As explained below, the Court grants the motion.

## Background

After the parties agreed to settle this class action—including a claim under the Wiretap Act, 18 U.S.C. § 2511(1)—the Court entered a final approval order approving the settlement. (Revised Settlement Agreement, ECF No. 44, Apr. 10, 2025; Order Granting Mot. for Settlement, ECF No. 64, Aug. 21, 2025 ("Final Approval Order"); Mintclaim Partners Compl., ECF No. 69-3 at 19–21, Sept. 4, 2025; *see* Dec. and Order, ECF No. 24, Mar. 19, 2024.) The settlement agreement defines the "Settlement Class" and prescribes how to opt out of the class. (ECF No. 44 at 8, 18.) The final approval order provides that any class members who did not opt out have released their claims covered by the settlement. (ECF No. 64 at 11; *see* ECF No. 44 at 21–22.)

Soon after the Court entered judgment in this action, Mintclaim filed the action pending before Judge Vacca, raising the same Wiretap Act claim that had been raised in this action. (J., ECF No. 65, Aug. 22, 2025; Mintclaim Partners Compl., ECF No. 69-3 at 19–21, Sept. 4, 2025; *see* Dec. and Order, ECF No. 24, Mar. 19, 2024.) According to Mintclaim's complaint, 389 members of this action's settlement class assigned their claims to Mintclaim, which then submitted an opt-out notice to the settlement administrator. (ECF No. 69-3 at 17–18.)

In its motion to this Court for an injunction, the University argues that this action's settlement bars Mintclaim's action against the University of Rochester Medical Center ("URMC") for several reasons. (Mot. to

Enjoin, ECF No. 69, Sept. 24, 2025; Mem. in Supp., ECF No. 69-1 at 13–16, Sept. 24, 2025). In the University's view, Mintclaim was not a settlement class member and thus could not validly opt out of the settlement class. (Mem. in Supp., ECF No. 69-1 at 13–14, Sept. 24, 2025.) In support, the University notes that Mintclaim was an entity formed in May 2025, whereas the settlement agreement limits the settlement class to individuals who used the URMC patient portal or website in 2023 or earlier. (*Id.* at 13; *see* Mintclaim Partners Certificate, ECF No. 69–6 at 3, May 16, 2025; Revised Settlement Agreement, ECF No. 44 at 8, Apr. 10, 2025.) The University also contends that the 389 assigning class members did not "individually sign" an opt-out notice and thus did not validly opt out in accordance with the settlement agreement. (ECF No. 69-1 at 14; *see* ECF No. 44 at 18.) Finally, the University argues, the settlement agreement bars mass opt-outs such as Mintclaim's. (ECF No. 69-1 at 15–16; *see* ECF No. 44 at 18.)

Mintclaim opposes an injunction, arguing that it was a settlement class member by assignment, that it validly opted out of the settlement class on its own—not the assignors'—behalf, and that its assignors "could not opt out on their own behalf because they had assigned their claims to Mintclaim." (Resp. in Opposition, ECF No. 79 at 11–19, Oct. 17, 2025.) Mintclaim also suggests that its right to due process entitles it as an assignee to opt out. (*Id.* at 19–23.) Finally, it argues, citing

*Rothstein v. Am. Int'l Grp., Inc.*, 837 F.3d 195, 204 (2d Cir. 2016), that if it is not in fact a settlement class member, then, in its view, the Court lacks jurisdiction to enjoin it. (ECF No. 79 at 23–25.)

At oral argument on the injunction motion, the University clarified that it is not challenging Mintclaim's status as an assignee of the 389 assigning class members' claims. (Min. Entry, ECF No. 86, May 13, 2026; *accord,* Reply to Resp. to Mot., ECF No. 84 at 7, Oct. 24, 2025 (recognizing Mintclaim as assignee).)

## Analysis

As for jurisdiction, regardless whether Mintclaim is a settlement class member, the Court has jurisdiction over the University's injunction motion given Mintclaim's uncontested status as an assignee of various settlement class members' claims. In accordance with *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380–82 (1994), the Court retained jurisdiction to enforce the settlement by incorporating the settlement agreement in the final approval order. (Order Granting Mot. for Settlement, ECF No. 64 at 3, 12, Aug. 21, 2025; *see* Revised Settlement Agreement, ECF No. 44 at 28–29, Apr. 10, 2025.) Further, the final approval order provides that the settlement agreement and final approval order are binding on the settlement class's "assigns." (ECF No. 64 at 11–12; *accord*, ECF No. 44 at 32 (settlement agreement "binding upon" settlement class members' "assigns").) As noted, the University does not contest that Mintclaim is a valid assignee of various settlement class

members' claims, and the Court lacks reason to doubt the assignments' validity. (*See* Reply to Resp. to Mot., ECF No. 84 at 7, Oct. 24, 2025.) Thus, the Court has jurisdiction, in accordance with *Kokkonen*, to entertain the University's enforcement motion against Mintclaim. *See, e.g.*, *Cardiovascular Sys., Inc. v. Cardio Flow, Inc.*, No. 018CV01253SRNKMM, 2018 WL 5278728, at *3 (D. Minn. Oct. 24, 2018) (exercising jurisdiction under *Kokkonen* in action against assignee for allegedly breaching settlement agreement).

Moreover, contrary to Mintclaim's contention, *Rothstein v. Am. Int'l Grp., Inc.*, 837 F.3d 195, 204 (2d Cir. 2016), does not suggest that this Court lacks jurisdiction if Mintclaim is not a settlement class member. (*See* Resp. in Opposition, ECF No. 79 at 24, Oct. 17, 2025.) *Rothstein* recognizes that entities that "have not yet been held to be members of the Settlement Class . . . cannot be bound by any orders or judgments entered in respect to the settlement." 837 F.3d at 204 (quotation modified). But *Rothstein* neither addresses the assignment of claims nor suggests that courts lack jurisdiction under *Kokkonen*, 511 U.S. at 380–82, over assignees of settlement class members' claims. *See Rothstein*, 837 F.3d at 202–05.

Turning to the merits, the Court grants the University's motion to enjoin Mintclaim's action as barred by this action's settlement because neither the assignors of Mintclaim's claims nor Mintclaim validly

opted out of the settlement class. As for the assignors, they did not comply with the settlement agreement's requirement that they "individually sign" a notice of their intent to opt out. (Revised Settlement Agreement, ECF No. 44 at 18, Apr. 10, 2025; *see* Resp. in Opposition, ECF No. 79 at 17, Oct. 17, 2025 (not contesting that "*the assignors* did not individually sign the opt out forms").) Further, Mintclaim concedes that, post-assignment, the assignors "could not opt out on their own behalf because they had assigned their claims to Mintclaim." (ECF No. 79 at 18.)

Nor could Mintclaim have validly opted out of the settlement class because the settlement agreement permits only class members to opt out but does not define an assignee such as Mintclaim as within the settlement class. (*See* ECF No. 44 at 8, 18.) The settlement agreement specifies that "Settlement Class Members may only opt-out on behalf of themselves," (*id.* at 18), and defines "'Settlement Class Member'" as "any Person who falls within the definition of the Settlement Class," (*id.* at 8). The agreement defines the "'Settlement Class'" as "(i) all individuals who accessed or otherwise used URMC's MyChart patient portal between January 11, 2021[,] and January 11, 2023; and (ii) all individuals who filled out forms on URMC's public website between January 1, 2018, and June 12, 2023." (*Id.*)

Mintclaim does not "fall[ ] within the definition of the Settlement Class"—and thus could not validly opt out of the class—for several

reasons. (ECF No. 44 at 8; *see id.* at 18.) First, it is a limited partnership, not an individual. (*See* Resp. in Opposition, ECF No. 79 at 7, Oct. 17, 2025; ECF No. 44 at 8.) Second, Mintclaim does not assert that it ever accessed or used URMC's patient portal or filled out forms on its website. (ECF No. 44 at 8.) Third, even if Mintclaim had accessed or used the patient portal or filled out forms on the website, it could not have done so during the relevant periods because, as it does not dispute, it did not exist until 2025, which was after the relevant periods had ended in 2023. (Mem. in Supp., ECF No. 69-1 at 13, Sept. 24, 2025; Mintclaim Partners Certificate, ECF No. 69–6 at 3, May 16, 2025; ECF No. 44 at 8; *see generally* Resp. in Opposition, ECF No. 79, Oct. 17, 2025.)

Finally, although Mintclaim argues that due process entitles an assignee to opt out of a settlement, none of its cited cases addresses whether—let alone holds that—an assignee, as opposed to a class member, must be permitted to opt out. (Resp. in Opposition, ECF No. 79 at 19–23, Oct. 17, 2025 (citing *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273–89 (2008) (holding that assignee has Article III standing); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("hold[ing] that due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court"); *John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 407, 410

(2d Cir. 2018) (holding "that the [Copyright] Act does not permit a plaintiff assignee to bring a claim for infringement without also having or having had a legal or beneficial ownership in some exclusive right under part of the allegedly infringed copyright" and reasoning "that the trend towards liberal assignability of claims reflected in *Sprint* should not reach copyright infringement claims"); *In re Turkey Antitrust Litig.*, 789 F. Supp. 3d 648, 650 (N.D. Ill. 2025) (rejecting argument that "public policy prohibit[s] litigation funders from litigating an antitrust claim after receiving that claim through assignment").) Here, the assigning class members could have exercised their due process right to opt out of the settlement class by doing so before assigning their claims to Mintclaim. (*See* Revised Settlement Agreement, ECF No. 44 at 18, Apr. 10, 2025.) No cited authority suggests that due process required more under the circumstances.

In sum, because neither the assignors nor Mintclaim validly opted out of this action's settlement class, the assignors remain part of the settlement class; they are bound by the settlement; and Mintclaim, as assignee of their claims, is bound by the settlement as well. (*See* ECF No. 44 at 21–22; Order Granting Mot. for Settlement, ECF No. 64 at 11, Aug. 21, 2025.)

Accordingly, the Court GRANTS the University's motion and ENJOINS Mintclaim from prosecuting any claim barred by this action's settlement. (*See* Mot. to Enjoin, ECF No. 69, Sept. 24, 2025.)

**IT IS SO ORDERED.**

Dated: September 28, 2026
Rochester, NY

*/s/ Mark W. Pedersen*
MARK W. PEDERSEN
United States Magistrate Judge